MOSES S. MILES

*v.*

ALFRED WESTON.

60  361
80a 317

60  361!
82a 211

60  361
99a ²534

1.  NEW TRIAL—*remittitur*—*conditional order*.  Where the court enters an order that unless plaintiff will remit a certain portion of his verdict within a specified time, a new trial will be granted, but the sum is not remitted until after the time has expired, when the court thereupon overruled the motion for a new trial and rendered judgment for the amount remaining after entering the *remittitur*:  *Held*, that it was not error to overrule the motion after the time named had expired; that the order, as entered, was a conditional one granting a new trial, and was under the control of the court during the term; that the mere overruling of the motion was not error, and the refusal to grant a new trial could not be questioned unless there were other grounds requiring it to have been allowed.

2.  EVIDENCE—*when inadmissible for want of proper averments*.  In an action for trespass and false imprisonment, where the court permitted evidence of the kind of food that was furnished to plaintiff, and the character of the prison in which he was confined, and the kind of treatment he received:  *Held*, it was error, as there were no facts specially averred authorizing them to be received, and as there was no such averment in the declaration, the admission of such evidence was calculated to surprise the defense, and it should have been rejected.

3. SAME—*justification—mitigation.* Where persons were seen in the night time for a considerable time, in the street near to a person's house, apparently examining it, and would separate when persons passed, and then come together again, and the occupant of the premises found and brought to the place two policemen, who found a person there who, when accosted by them, stated he had been there two hours, and was thereupon arrested by the policemen: *Held,* that such facts should mitigate the damages, if not justify an imprisonment, although the person arrested had but come to the place at the time he was arrested.

4. ARREST. At common law, peace officers were authorized to arrest street walkers, and they were liable to punishment as for a misdemeanor, and the common law is in force in this State as to such offenses.

WRIT OF ERROR to the Superior Court of Chicago; the Hon. WILLIAM A. PORTER, Judge, presiding.

Messrs. HOYNE, HORTON & HOYNE, for the plaintiff in error.

Mr. GEORGE F. BAILEY, and Mr. E. H. BEEBE, for the defendant in error.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

This was an action of trespass to the person, brought by Weston against Miles, in the Superior Court of Chicago. The declaration contains five counts. Plea, not guilty.

The first count would be good, upon general demurrer, as a count in case for malicious prosecution. It alleges that defendant below, without any reasonable or probable cause, made a pretended charge against plaintiff below, of a criminal offense, caused him to be arrested upon such charge, and imprisoned, without any reasonable or probable cause; his acquittal, and the legal termination of the prosecution.

The second and third counts are somewhat similar, and the fourth and fifth are in trespass for assault and battery. Verdict against defendant below of guilty, and damages assessed at $1000. No motion in arrest was made for the misjoinder

of causes of action; but upon a motion for new trial, the court ordered that a new trial be granted, unless plaintiff below, within five days, should remit $500 from the verdict. The *remittitur* was entered after the five days and on the sixth, whereupon the court denied the motion for a new trial and gave judgment for $500, and defendant below brought the case to this court by writ of error, and, amongst other errors, assigns the refusal of the court to grant a new trial, but, in argument, insists that the manner of the refusal was error.

We think that, unless the plaintiff in error can show, from the record, that he was entitled to a new trial, the manner of the refusal is of no consequence. This was but a conditional order for a new trial. Suppose the court had made an absolute order, and then, at the same term, concluding that the order had been made upon a mistaken view of the case, had vacated it. Could this be successfully assigned for error, without showing, from the record, that the party in whose favor the order was made was entitled to a new trial? We think not. So that the question is, did the court err in refusing a new trial? Or, in other words, was plaintiff in error entitled to a new trial?

It is apparent from the record that the counsel for the plaintiff below tried the case as an action of trespass and false imprisonment, while defendant's counsel, misled, perhaps, by the form of the first count of the declaration, defended it as an action on the case for malicious prosecution. All the instructions asked by the latter are appropriate only to the action for malicious prosecution. They contain correct propositions of law, and should have been given, if such were the action.

The evidence allowed by the court, of the abuses to which plaintiff was subject, by plaintiff giving a description of the particular place where he was confined, its bad and unfit character, and the fact that he was not furnished with food, was all inadmissible, under the declaration in this case; and while plaintiff was detailing these abuses, the court said to him, "You can

state, in that connection, that you were not allowed to get witnesses." Upon this suggestion, which was excepted to by defendant's counsel, the plaintiff said: "I was not allowed to get witnesses. I was fined $25." The docket of the justice was not introduced. There was no proper evidence that any cause was pending or tried before the justice, or that any application was made for a continuance or suspension of the trial on account of absent witnesses, and no such damages were stated in the declaration.

The rule is, that "whenever the damages sustained have not necessarily accrued from the act complained of, and consequently are not *implied* by law, then, in order to prevent the surprise on the defendant which might otherwise ensue on the trial, the plaintiff must, in general, state the particular damage which he has sustained, or he will not be permitted to give evidence of it. Thus, in an action of trespass and false imprisonment, when the plaintiff offered to give in evidence that during his imprisonment he was stinted in his allowance of food, he was not permitted to do so because the fact was not, as it should have been, stated in his declaration." 1 Chit. Pl. 397.

That he was ill-treated by being put, by the officer, in such place as described, denied food or the privilege of getting his witnesses, subject to oppressive conduct on the part of the magistrate, and fined, were none of them damages which necessarily accrued from the act of the defendant, nor were they damages implied by law; and to prevent surprise on the defendant, such of them as defendant could be held responsible for should have been stated in the declaration. But if the magistrate had jurisdiction, his act of fining plaintiff could not be a proper element of damages in the action for trespass, false imprisonment and assault and battery, though it might be in *case* for malicious prosecution, if stated in the declaration.

It appears, by evidence not contradicted, that, on the night of the arrest of plaintiff below, two men had been walking

the street in front of defendant's house, in Chicago, apparently taking observations; and, when any one approached, they would separate, and come together again, and thus kept lurking around for about an hour and a half, and until late in the evening, when defendant, becoming alarmed at their suspicious conduct, went after and brought two policemen to the place where the two men had been, and there found the plaintiff, who, upon being interrogated as to his purpose, and told that he had been hanging about there for an hour and a half, replied that he had been there two hours. This is testified to by four witnesses besides the defendant, and contradicted only by the plaintiff himself. Giving no account of himself, and admitting his presence there for two hours, one of the policemen arrested him, and, without any directions from the defendant as to what should be done with him after the arrest, he was taken by the officer to the station.

In *Lawrence* v. *Hedger*, 3 Taunt. 14, it was held that watchmen and beadles have authority, at common law, to arrest, and detain in prison for examination, persons walking the streets at night when there is reasonable ground to suspect felony, although there is no proof of a felony having been committed. And it has been said by Hawkins and others, that every private person may, by common law, arrest any suspicious night walker and detain him until he give a good account of himself. 2 Hawkins' Pleas of the Crown, ch. 13, sec. 6, ch. 12, sec. 20. And it has been held that a person may be indicted for being a common night walker, as for a misdemeanor. 2 Hawk. P. C., ch. 12, sec. 20.

Where a person is taken up in the night as a night walker and disorderly person, though by a lawful officer, it has been considered that the arrest would be illegal, if the person so arrested were innocent, and there were no reasonable grounds of suspicion to mislead the officer. Tooley's Case, 2 Lord Raym. 1296.

The reason why night-walking and lurking about the premises of peaceable inhabitants in the night time, is disorderly

conduct, is because such conduct can not, in general, be for any but a bad purpose, and it tends to the annoyance and discomfort of peaceable citizens, who have a just right to be exempt from such disturbance. What family, in a large city like Chicago, so frequently infested with burglars and other desperate criminals, could retire to their beds and enjoy the quiet and repose due to them, when they were conscious that suspiciously acting persons were lurking about their premises? And will it be said that the law gives no right to have such persons arrested and removed, until a burglary is actually committed or attempted? The right of arrest in such cases, by the proper officer, is supported by the same reasons and necessity to-day, that it was in the earlier history of the common law, and its existence we maintain without hesitation. We do not say that the plaintiff below was guilty of such disorderly conduct; it is not our province to do so; but we do say that, in the facts disclosed by the evidence, lay the materials for a plea of justification. None, however, was interposed. The most the defendant could do was to give them under the general issue in mitigation of damages. This was done.

It is true the plaintiff testified that he had been at the place in question but one or two minutes, yet five witnesses testify that he said, when questioned, that he had been there two hours, which admission was sufficient, under the circumstances, to cause the officer to believe him to be one of the two night walkers who had been observed hovering about defendant's house. But for this statement, he probably would not have been arrested. If his own declaration caused his arrest, surely that circumstance should go far, under the other circumstances of the case, in mitigation of damages, if not to justify the arrest.

But instead of submitting that question to the jury by proper instructions, the question was submitted by several, on behalf of the plaintiff below, whether the defendant used proper diligence in ascertaining whether plaintiff was the right

man, in the face of his own admission that he had been there two hours.

Upon the whole case, we think the defendant did not have a fair trial, and that a new trial should be granted, and the parties have leave to amend their pleadings.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*