EUGENE P. PALMER

*v.*

MICHAEL J. RICHARDSON.

1. MALICIOUS PROSECUTION—*burden of proof.* In an action for malicious prosecution for causing the plaintiff's arrest, the burden of proof is upon him to show clearly, by a preponderance of evidence, that the defendant did not have probable cause to institute the criminal prosecution against him.

2. SAME—*what is probable cause.* Probable cause is a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged.

3. Where a party is arrested on a charge of larceny, and the circumstances are such as to cause a reasonable suspicion of his guilt, a verdict, finding the prosecution to be malicious, will be set aside.

4. SAME—*legal advice.* If a party, before commencing a criminal prosecution, makes a full and fair statement of the facts of the case to his legal adviser, with an honest view to learn if they will warrant the prosecution, and is advised by his attorney that they will, this will go far to show probable cause, and that he acted without malice.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. SLEEPER & WHITON, for the appellant.

Mr. WM. T. BUTLER, and Mr. ROBERT HERVEY, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action on the case, brought by Michael J. Richardson against Eugene P. Palmer, in the circuit court of Cook county, to recover for an alleged malicious prosecution, instituted by the latter against the former.

The cause was tried by a jury, and a verdict rendered in favor of the plaintiff for $1000. A motion for a new trial was made and overruled, and judgment entered upon the verdict, from which the defendant appealed to this court.

A reversal of the judgment is asked, mainly, on the ground that the verdict is contrary to the weight of the evidence.

It seems to be difficult for a jury to comprehend that an innocent person may be arrested for a criminal offense, and at the same time the law afford no redress against the person who caused the arrest and prosecution, and yet, experience teaches us this is not an uncommon occurrence.

While it is a great hardship that an innocent person should be prosecuted for a criminal offense, yet it is far better for the preservation of peace, order and the well being of society that this should occasionally occur, than that the citizen should be deterred from instituting criminal prosecutions for a violation of the laws of the land.

In order for the plaintiff to recover in this case, the burden of proof was upon him to show, clearly, by a preponderance of evidence, that the defendant did not have probable cause to institute the criminal prosecution against him. *Ross et al.* v. *Innis*, 35 Ill. 487.

Good faith on the part of the prosecutor is always a good defense, unless it appears that he closes his eyes to facts around him which are sufficient to convince a reasonably cautious man that no crime, in fact, has been committed by the person about to be prosecuted.

Probable cause has been defined, by this court, to be a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged. *Richey* v. *McBean*, 17 Ill. 65 ; *Jacks* v. *Stimpson*, 13 ib. 701 ; *Ross et al.* v. *Innis*, 35 ib. 505; *Collins et al.* v. *Hayte*, 50 ib. 353.

The main question for consideration in this case, then, is, did the plaintiff, by his proof, tested by the correct rules of law that govern this class of cases, make a case which justified the jury in rendering the verdict they did?

Upon a careful examination of the facts in this case, as shown by the record, we have arrived at the conclusion that the verdict is manifestly contrary to the weight of the evidence, and that the jury did not comprehend the law as applicable to the evidence in the case.

The prosecution instituted by the defendant, Palmer, which the jury found to be malicious and without probable cause, so far as it is material to state them, grew out of these facts:

About 4 o'clock on the morning of the fire in Chicago, Oct. 9, 1871, the plaintiff and one Carrager, with a horse and wagon, went to the store of Hotchkin, Palmer & Co., which was about to be burned, and loaded their wagon with valuable goods, worth 'from $1500 to $2000, and started to the place of business of plaintiff; as the wagon started, Palmer's attention was called to it by his clerk, and he followed and got upon the wagon. The three men had not proceeded far, when a controversy arose between Palmer and Richardson in regard to where the goods should be taken, and the amount of compensation Richardson should receive for hauling the goods. Angry words were exchanged, and the contest was excited.

Palmer finally called upon a man who was passing, for assistance; after this Richardson took the goods to a place of safety, where Palmer wanted them taken. The goods were unloaded. Richardson kept back a piece of beaver cloth, as pay for hauling, which, he insisted, Palmer agreed he should have. Palmer refused to let him have this, and the evidence of Palmer and Carrager shows that Richardson took off this piece of goods by force.

The evidence shows that about the time these goods were loaded in the wagon by Richardson and Carrager, several lots were stolen as they were carried out of the store and piled up; that Palmer was not acquainted with Richardson.

Palmer and his clerk testify that Richardson had no authority to load his wagon with goods. Ludlow, the clerk, swears that he had entire charge of taking care of and saving the goods, and that he gave no authority to Richardson to take or haul goods; that he had no knowledge of Richardson, until, about the time the wagon started to drive off with the load, he saw it and directed Palmer's attention to the wagon, and as it moved off Palmer got upon it.

That plaintiff and Carrager attempted to haul off this load of goods in defiance of Palmer, is sworn to by Palmer, and he seems to be corroborated by this fact: he testifies that, on the road, he had difficulty with Richardson, and called for assistance, and a man passing by interfered.

Richardson and Carrager, in their evidence, both testify that Palmer did call for assistance.

There is another very suspicious fact in the case: Palmer testifies that after the goods were unloaded, and the two men got in the wagon to start off, he discovered several shawls under the cushion that the men were sitting upon, and that he got in the wagon and forced them off the seat and got the shawls. Plaintiff and Carrager, in their evidence, concede the fact, but undertake to explain that they did not know the shawls were there.

These are the leading facts in the case, and upon them, some days after Richardson took the piece of beaver cloth, Palmer had him arrested for stealing it.

When these facts are taken in connection with the further fact that Richardson was an entire stranger to Palmer, and that, during the fire, larceny was of common occurrence; that excitement ran high, and that law and order were, to a great extent, set at naught, can it be said that Palmer, in causing the arrest of the plaintiff, acted without probable cause and with malice? We do not think the evidence justifies that conclusion.

There is another fact in the case that tends to show that Palmer acted in good faith and without malice. Before he commenced the criminal prosecution, he took legal counsel of Mr. Swezey, an attorney at law in Chicago, who had been in the habit of doing business for him.

Mr. Swezey testifies that Palmer gave him a full statement of the facts in the case, that, in stating the facts, he gave them as fully and fairly as he did in his evidence on the stand, and that, upon hearing the facts stated, he advised Palmer that there was sufficient ground for the arrest.

It is a clear proposition of law, that if Palmer laid all the facts before his attorney, with an honest view to learn if they would warrant a criminal prosecution, and was advised they would, such will go far to show probable cause.

In view of all the facts, we are satisfied that justice demands that this cause should be submitted to another jury.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*