## Samuel A. Murphy

*v.*

## Victor Larson.

1. Malicious prosecution—*advice of counsel as a bar.* It being the policy of the law to encourage prosecutions where there are facts and circumstances that would induce the belief, in the mind of a reasonably cautious man, of the guilt of the party accused, the advice of competent counsel, if given and acted upon in good faith, upon a full disclosure of *all* the facts, has been uniformly held to constitute probable cause for instituting a criminal prosecution, notwithstanding it may appear afterwards that the party accused was not guilty.

2. Same—*counsel advising must be a licensed attorney.* But there must always be an element of good faith in the selection of counsel, and the counsel selected must be a regularly licensed attorney and counselor, reputable in character and considered in the community competent to give legal advice on all matters pertaining to the law. It is not sufficient, as a bar to the action, that the person advising the prosecution held himself out as an attorney at law, and was believed to be such by the party consulting him.

3. Same—*evidence in mitigation of exemplary damages.* Where a party, before instituting a criminal prosecution, in good faith consults one who he supposed was a licensed attorney and learned in the law, and competent to advise, but who, in fact, was not licensed, and acts upon his advice, the advice so given is competent evidence in an action for malicious prosecution, on the question of malice and in reduction of any exemplary damages that may be claimed, but not in bar of the action, or in reduction of any actual damages.

4. Instruction—*ought to be based upon evidence.* On the trial of an action for malicious prosecution, the court instructed the jury that they had a right to take into consideration, on the question of damages, if they found for the plaintiff, the money paid by the plaintiff, if any, for attorney's fees in defending the criminal prosecution. There was no evidence of the payment of any money for such purpose: *Held,* that, while the court might not reverse for this error alone, the instruction ought not to have been given, as its tendency was to mislead.

Appeal from the Circuit Court of Ford county; the Hon. O. L. Davis, Judge, presiding.

This was an action on the case, brought by Victor Larson, against Samuel A. Murphy, for a malicious prosecution. The

opinion of the court states the material facts of the case. The plaintiff recovered judgment for $300 and costs of suit, and the defendant appealed.

Mr. L. E. PAYSON, for the appellant.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was to recover damages for malicious prosecution. It is averred defendant maliciously, and without probable cause, procured the arrest of Victor and Olin Larson, on the charge of larceny. On the hearing, the accused were both discharged by the justice of the peace before whom the preliminary trial was had, and thereupon they commenced this suit. During the progress of the trial, Olin Larson was dismissed out of the case, and thereafter the suit progressed in the name of Victor Larson, which resulted in a verdict and judgment in his favor.

The difficulty between these parties grew out of the fact plaintiffs were about to remove some lumber from a farm they had been occupying as the tenants of a former owner. The tenants insisted they owned the lumber, and had a lawful right to remove it, but defendant claimed he had purchased it with the farm. A part of it had been previously removed. On the 14th of March, defendant discovered one of plaintiffs in the act of tearing down a shed, with the intention to remove the lumber for his private use, when a violent altercation took place. Immediately, defendant went to Gibson City to procure legal advice. On the way, he asked Carney who was the best lawyer. Carney said Payne was the best and most successful one, and advised defendant to go to him. Defendant states, however, he was slightly acquainted with a lawyer in town, by the name of Yeomans, and that he first applied to him, but was told by him he was already engaged on the other side. Yeomans, in his testimony, says he told defendant, when he applied to him, that there were two other attorneys, but not attorneys of record—Payne and

Woods—and recommended Woods; but defendant most positively denies he told him that Payne and Woods were not licensed attorneys, and asserts that he never heard until the morning of the trial of this cause that Payne was not a regularly licensed attorney.

On the same day, defendant went to the office of Payne & Thrasher, made full and fair statement of all the facts, and they both advised him to have plaintiff arrested on the charge of larceny, and they prepared the necessary papers.

On the trial, defendant offered to prove by Carney that witness was a resident of Ford county, in March, 1874; was acquainted with the attorneys in the county; that B. F. Payne was ostensibly an attorney at law, residing at Gibson City, in that county; that he had an office, with the usual surroundings of a practicing attorney; that he held himself out to the public as such; that he did considerable business as an attorney, in the trial of litigated causes, before a justice of the peace; and that he advised defendant to go to him for legal advice, in the belief he was a good lawyer and a safe adviser; but the court sustained the objections made, and refused to allow the testimony to go to the jury.

Defendant then produced B. F. Payne, and proposed to prove by him that he was an acting attorney at Gibson City; that that was his business and profession; that he so advertised himself by his professional sign at his office, and by advertising; that he kept an office in the city; that defendant consulted him as such attorney, and he, as such attorney, gave him advice, which defendant followed, in the matter of the arrest of plaintiff; that he gave the advice in good faith, and that he believed defendant consulted him in the same spirit; that he was never licensed to practice law, but that defendant did not know he was not a licensed attorney, so far as witness knew. The court ruled that, before the proof was competent, it must appear that Payne was a licensed attorney, learned in the law, and competent to give advice.

The decision of the court, refusing to permit the introduction of the evidence tendered, is the principal error assigned.

There can be no question that defendant consulted Payne in the utmost good faith, believing he was an attorney at law, competent to give advice in legal matters; that he made a full and fair statement of all the facts to him in relation to the charge against plaintiff, and, relying upon the advice he received, he caused the arrest to be made.

Had Payne been a regular attorney, licensed under the laws of this State, in good standing. competent to give advice, and had he counseled the arrest of plaintiff on a charge of larceny, after hearing a full statement of all the facts, however much he may have been mistaken as to the law, still, if defendant was in good faith guided by his counsel, and it appeared he had sought the counsel with an honest purpose to be informed as to the law. such advice would constitute probable cause, and an effectual bar to any action for malicious prosecution; but there must always be the element of good faith, and we have been referred to no case that holds there are any exceptions to the general rule the counsel selected must be a regularly licensed attorney and counselor, reputable in character, and considered in the community competent to give legal advice on all matters pertaining to the law.

In the case at bar, it is insisted there was good faith in the selection of a legal adviser. That may be, but it is the misfortune of defendant he applied to one for counsel who was not an attorney at law, and had never been licensed to practice. Whether he could maintain an action against the party who falsely assumed to act as an attorney, is a question that does not arise on this present record.

Attorneys at law are, in some sense, regarded as officers of court; and it is upon grounds of public policy, where a party has been advised by an attorney in active practice, upon full consideration of the facts, to institute a criminal prosecution, if he acts in good faith under the advice given, he shall not

be mulcted in damages, although the party accused may be innocent of the crime alleged against him. If this was not the law, no man would feel safe in preferring complaint against another for a criminal offense. The policy of the law is, to encourage prosecutions where there are facts and circumstances that would induce the belief, in the mind of a reasonably cautious man, of the guilt of the party accused. In such cases, the advice of competent counsel, if given and acted upon in good faith. upon a full disclosure of all the facts, has uniformly been held to constitute probable cause for instituting a criminal prosecution, notwithstanding it may appear afterwards the party accused was not guilty.

But there is no just reason for enlarging the rule. It would be a dangerous practice, not justified by any public exigency, to permit a party to say, in justification for commencing a criminal prosecution that might injure or destroy the reputation of the party accused, that he acted upon the advice of a person not a lawyer, however honestly the advice may have been given and received. The argument against such a doctrine is forcibly stated by the court in *Williams* v. *Vanmeter*, 8 Mo. 339, although this exact question did not arise, where it is said: "To permit the counsel of those whose capacity we have no means of judging, and who owe no responsibility to the courts, to be received as evidence, would lead to collusion, and furnish a ready defense to all actions like the present."

We do not see how it can alter the general rule on this subject, that the party of whom counsel was sought may have held himself out to the public as a practicing lawyer. The representation may have been made for the ultimate purpose of making a defense, should an action thereafter be brought. We are unwilling to establish the doctrine that counsel taken of a person not a lawyer, although received and acted upon in good faith, can ever be a justification for commencing a criminal prosecution.

There is a ground, however, upon which we think the evidence tendered ought to have been admitted—not in justification of the action, nor in reduction of any actual damage suffered, but in mitigation of any exemplary damages that might be visited upon defendant. As the ground of this action is malice, and want of probable cause, any fact tending to disprove either is proper evidence. It was indispensable, to maintain the action, it should appear affirmatively that defendant, in instituting the prosecution against plaintiff on the charge of larceny, acted maliciously and without probable cause, and both must concur. The fact he obtained counsel of one he supposed was learned in the law, and competent to give advice, and was advised by him, upon a disclosure of the facts and circumstances, to commence the criminal prosecution, while it constitutes no defense, was certainly competent evidence, on the question of malice. If he acted in good faith—and that was a question for the jury—it would negative, in a high degree, the idea of malice; and that fact ought to go in mitigation of exemplary damages.

The court, at the request of plaintiff, instructed the jury, on the question of damages, in case they found for plaintiff, they had a right to take into consideration what money he had paid, if any, for attorney's fees, in defending himself against the charge of larceny. While there is no objection to the instruction, so far as it states a principle of law, there is not a particle of evidence in the record upon which to predicate it. Olin Larson had been dismissed out of the case, and plaintiff testified he had paid no attorney's fees. It directed the attention of the jury to an element of damage not found in the evidence. While we might not be willing to reverse the cause if this were the only error in the record, still it was not proper to give an instruction not founded on the evidence. The tendency always is to mislead.

For the errors indicated, the judgment will be reversed and the cause remanded.

*Judgment reversed.*