## JOHN G. HORNE

### *v.*

## ANDREW J. SULLIVAN.

1.  PLEADING AND EVIDENCE—*special damages.*  Special damages must be particularly specified in the declaration or the plaintiff will not be allowed to give evidence of them at the trial.  Evidence of damages arising from the loss of boarders, growing out of the party's arrest, is not admissible unless specially claimed in the declaration.

2.  EVIDENCE—*malicious prosecution.*  In an action for malicious prosecution for arresting the plaintiff, it is error to admit evidence in behalf of the plaintiff, of a difficulty in which the defendant's wife had been concerned, or respecting the character of defendant's wife and son for peace and quietness.

3.  MALICIOUS PROSECUTION—*legal advice as a defense.*  Where a party, in good faith, consults with a licensed attorney and acts upon his advice in making a complaint for the arrest of another, he may show that fact in defense, and it is not incumbent on him to go further and show that such attorney was a man learned and skilled in his profession.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Messrs. BONFIELD, SWEZEY & SMITH, for the appellant.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This was an action for a malicious prosecution, wherein a verdict and judgment were rendered for the plaintiff, and the defendant appealed.

The malicious prosecution complained of was in making a complaint, before a police justice of the city of Chicago, and causing the defendant to be arrested for an alleged violation of an ordinance of the city, which provides that any person who shall make, aid, countenance or assist in making any improper noise, riot or disturbance, breach of the peace, or diversion, etc., in the city, shall be subject to a fine, etc.

The parties occupied adjoining houses in the city of Chicago, separated by a narrow space, and defendant had erected, on his own ground, a high board fence to protect his premises from annoyances which he had been suffering from the inmates of plaintiff's house, by the casting from the windows of offensive substances upon defendant's premises, and otherwise. After the erection of the fence, repeated attempts were made by the inmates of plaintiff's house, in the night time, to tear it down, and it was partially destroyed. This conduct formed the subject of the complaint under which the arrest was made. On June 27, 1872, plaintiff was discharged from the complaint, and it was dismissed. This suit for the alleged malicious prosecution was commenced April 8, 1874.

The record in this case discloses several errors. It was error to permit evidence of special damages, claimed as arising from plaintiff's boarders leaving after the arrest, and the loss of income on this account. There is no particular allegation in respect thereto in the declaration. The rule is, that *special damages*, such as these, must be particularly specified in the declaration, or the plaintiff will not be permitted to give evidence of them at the trial. 2 Greenlf. Ev. § 254; *Miles* v. *Weston*, 60 Ill. 361; *Adams* v. *Gardner*, 78 id. 568; *Baldwin*

v. *Western Railroad Corporation*, 4 Gray, 333; *Squire* v. *Gould*, 14 Wend. 159; *Donnell* v. *Jones*, 13 Ala. 490.

It was error to admit evidence of a difficulty in which defendant's wife had been concerned, and respecting the character of defendant's wife and son for peace and quietness.

The reception of this testimony was in violation of the plainest rules of evidence, and palpably inadmissible.

It was in evidence, that defendant, in making the complaint, acted in pursuance of the legal advice of an attorney in Chicago, whom he consulted upon the subject, whom he had known as an attorney for some time previously, and had been in the habit of consulting and advising with in legal matters.

In view of the evidence upon this subject, defendant asked a proper instruction applicable to it, employing the word "attorney," in description of the person he had consulted. The court modified the instruction by adding, in qualification of the term "attorney," the words, "and who was learned in the law," and as thus modified gave the instruction, which was excepted to by the defendant. And the court gave an instruction for the plaintiff, that it was not enough that the person thus consulted was a lawyer, "but the defendant must prove that he was a man learned and skilled in his profession, before he can escape under cover of legal advice."

In order to practice as an attorney at law in this State, a license must be obtained from the Supreme Court of the State, which, as the general rule, is granted upon public examination before the court as to qualification. An attorney thus licensed to practice the profession of the law in the community, with such a voucher of his legal knowledge, may be reasonably supposed to be competent to give legal counsel, and to justify resort therefor to such a source. In *Murphy* v. *Larson*, 77 Ill. 172, it was held, that acting upon the advice of one who only held himself out as a lawyer, but was not a licensed attorney under the laws of the State, was not a justification in such a case. The person there was not an attorney at law; he only pretended to be one. We know of no warrant of authority for imposing upon a party such a burden of proof, as did

this instruction for appellee—that it was not enough to show that the defendant's legal adviser was a lawyer, but that defendant must go further, and in addition thereto, prove that he was learned and skilled in his profession. We regard the instruction as erroneous, as being calculated to mislead the jury, as also the modification which was made of appellant's instruction.

We are also of opinion there was error in not granting defendant's motion for a new trial, on the ground that the verdict was not warranted by the evidence. Under our statutory definition of riot, as embracing the case where two or more persons actually do an unlawful act, with force or violence, against the property of another, with or without a common cause of quarrel, there was clearly a riot committed, and we think the evidence shows the defendant had reasonable cause to believe that its commission was aided and countenanced by the plaintiff.

Without entering further into the testimony, we will say of it, that in our opinion it shows probable cause for making the complaint.

The judgment is reversed.

*Judgment reversed.*