60   479
61   236
60   479
64   500

### Joseph Skala and Mary Skala v. John Rus.

1. MALICIOUS PROSECUTION—*Burden of proof.*—In actions for malicious prosecution the burden is upon the plaintiff to show, by a preponderance of the evidence, that the defendant did not have probable cause to institute the prosecution.

Trespass on the Case, for malicious prosecution. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed November 18, 1895.

SAMUEL H. TRUDE, attorney for appellants, contended that a conviction before a magistrate is a bar to a malicious prosecution. Phillips v. Kalamazoo, 53 Mich. 33.

In Emery v. Ginnan, 24 Ill. App. 65, this court said: "A conviction is not only probable, but actual cause."

There is probable cause although the conviction is reversed on appeal. Kaye v. Kean, 18 B. Mon. (Ky.) 839; Whitney v. Metcalf, 15 Mass. 242; Cooley on Torts, 185; Newell on Malicious Prosecution, 293.

If there is probable cause, it makes no difference whether there was malice or not. Probable cause is a complete defense. Fadner v. Filer, 27 App. 510; Barrett et al. v. Spaids, 70 Ill. 410; Chapman v. Cowrey, 50 Ill. 512; Ross & Co. v. Ellis, 35 Ill. 487; Mitchinson v. Cross, 58 Ill. 366; Smith v. Hall, 37 Ill. App. 29; Low v. Greenwood, 30 Ill. App. 184; Newell on Malicious Prosecution, 307.

FANNING & HERDLICKA, attorneys for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The parties and witnesses who have testified in this cause, speaking mainly through interpreters, expressed themselves very imperfectly in their own tongue, or their language suffered great damage in transmission.

The appellee sued the appellant for a malicious prosecution of the appellee for his conduct on the night of June 26, 1893.

The parties all lived in the one house, of which the appellants were the owners. On the question of probable cause, the evidence very greatly preponderates in favor of the appellants. None was offered by the appellee while putting in his original case, though it was then necessary. Purcell v. McNamara, 1 Camp. 199.

The burden of proof was on him to show clearly, by a preponderance of the evidence, that the appellants did not have probable cause to institute the prosecution. Palmer v. Richardson, 70 Ill. 544, is one of the many like cases.

The appellants' two daughters, a daughter-in-law and two other witnesses testified on the defense to the misconduct of the appellee, and that one Torol took him away.

All this the appellee denied on rebuttal.

One tenant living on the third floor of the house heard nothing of a disturbance, and Torol testified, " I have never pulled anybody away." He was a good witness. Being asked on cross-examination: " You say you never pulled anybody away from Skala's window. Is that right ? " A. " No, I didn't see him on that night."

Q. " On what night ? " A. " Why whatever night they were testifying to here."

The reluctance of this court to disturb the verdict of juries upon evidence is pretty well known, but justice sometimes requires it to be done, perhaps oftener than we see the necessity.

The judgment is reversed and the cause remanded.