# Joseph Epstein v. Mary Berkowsky.

1. MALICIOUS PROSECUTION—*Malice and Probable Cause.*—In action for malicious prosecution, the party bringing the action is required to show a combination of malice and want of probable cause on the part of the prosecutor. If ·malice and a want of probable cause do not coexist, the action must fail.

2. SAME—*Malice Inferred From a Want of Probable Cause.*—Malice may be inferred from a want of probable cause, but want of probable cause can not be inferred from malice.

3. SAME—*Burden of Proof.*—In actions for malicious prosecution, the burden is on the plaintiff to show affirmatively, by circumstances, or otherwise, amounting to the clear preponderance of the evidence, that the defendant had no reasonable cause for the prosecution.

4. MALICE—*May be Inferred From the Circumstances.*—In actions for malicious prosecution, the fact that the defendant procured the arrest of the plaintiff on three separate warrants sworn out by him upon distinct charges growing out of the same transaction, is competent as tending to show that the defendant was actuated by malicious motives.

5. ADVICE OF COUNSEL—*Must be Disinterested.*—A defendant in an action for malicious prosecution, being himself a lawyer and acting as his own adviser in the matter, can not shelter himself behind his own advice as counsel.

6. WITNESSES—*Competency of Infants.*—The admissibility of children under fourteen years of age to testify, is largely discretionary, and depends mainly upon the moral sense, intelligence and understanding of the child.

Trespass on the Case, for malicious prosecution. Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 1, 1896.

J. F. KOHOUT, attorney for appellant.

WICKERSHAM & HAYNER, attorneys for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was an action on the case brought by appellee against the appellant for malicious prosecution, and resulted on the trial in the Circuit Court in a verdict against appellant for

$1,770, from which appellee remitted $1,270, and a judgment for $500 was rendered.

The appellant is a member of the bar, and has practiced law for upward of eighteen years. The appellee kept a house on Michigan avenue, Chicago, in which she rented rooms. Among her tenants was a client of the appellant whom appellant called to see on a matter of business. Being informed at the door that the client was not in the house, the appellant, in order to see if a note had been left for him, went up stairs to his client's room. Returning down stairs after a few minutes, he was met by the appellee, and an altercation arose between them, they then being strangers to one another, concerning his right to go to the apartments of her roomers in their absence.

The testimony of each is directly contrary to that of the other, as to what each said and did to the other. According to each, the other was guilty of using opprobrious epithets, and of making threats, and assaults.

Whatever the exact truth in that regard may be, the appellant later in the same day did the most injudicious thing, for a lawyer, of swearing out three warrants for the arrest of appellee upon three several charges of assault and battery, making threats, and making a disturbance in violation of a provision of the municipal code of Chicago, and of accompanying the officers having the warrants to arrest the appellee and pointing her out to them.

The appellee was taken by the officers quite a long distance, part of the way on foot and part of the way in a police patrol wagon, to the Maxwell street police station, and was there confined in the basement for two or three hours, until she could procure bail.

Three days later, the causes were called and continued to another day, when, upon a hearing of all the evidence, the police justice ordered the appellee to be discharged in each case.

The lack of proof, want of probable cause, the excessiveness of the damages recovered, and the admission of incompetent evidence, are the principal grounds urged for a re-

versal of the judgment. No instructions were asked on either side, except one by the appellant to find the issues for the defendant, which was refused.

It is the law that in all actions for malicious prosecution the party bringing the action is required to show a combination of malice and want of probable cause on the part of the prosecutor. In other words, if malice and a want of probable cause do not coexist, the action must fail.

And although malice may be inferred from the want of probable cause, a want of probable cause can not be inferred from malice.

The burden is on the plaintiff to show affirmatively, by circumstances, or otherwise, amounting to a clear preponderance of the evidence, that the defendant had no reasonable ground for the prosecution. 2 Greenleaf's Evid., Secs. 453, 454, 455; Israel v. Brooks, 23 Ill. 575; Palmer v. Richardson, 70 Ill. 544; Calef v. Thomas, 81 Ill. 478; Skala v. Russ, 60 Ill. App. 479.

The evidence, it is true, was of a conflicting character as to what the actual occurrences were between the appellant and the appellee, but they were all made to appear to the jury, and from a careful reading of it all, we think the conclusion of the jury may fairly be said to have been based upon a decided preponderance in favor of the appellee. And that the prosecution was malicious, aside from the inference that it was so because of the lack of probable cause, is made apparent from the proof of utterances made by the appellant to the appellee, not only before but after the arrest, that he would make her " sick and tired;" that he would " fix her;" expressions that he does not deny using to her.

It may be said also, that causing the arrest of appellee on three separate warrants, sworn out by appellant, upon distinct charges growing out of the same transaction, tends to show that appellant was actuated by harassing and malicious motives. The jury doubtless believed from the evidence that the appellant acted maliciously or they would not have returned a verdict for a sum so much in excess of all actual damage sustained.

Appellant was a lawyer of many years experience, and,

Epstein v. Berkowsky.

being his own adviser, can not shelter himself behind the advice of counsel, nor a lack of knowledge that he must be chargeable with, that the prosecution was without reasonable cause.

It is argued that the want of a probable cause was not shown by the appellee when making out her original case. But we can not agree to that contention. If made out at all it was done in the presentation of appellee's original case.

Regularly, want of probable cause should be shown in the plaintiff's case in chief, yet it must not be understood that if such want were shown upon all the evidence, the order of proof would make the verdict wrong. Skala v. Russ, *supra.*

It is further urged that permitting Eva Berkowsky, a girl ten years old, to testify, was error. The witness upon her *voir dire* examination said she was never in court before and did not know what it was to be sworn, nor what would happen to her if she did not tell the truth, nor if it would make a difference if she told a lie.

But she said she was there to tell the truth, that she preferred to tell the truth, and that it was wrong to tell a falsehood, and she appears to have testified in a very intelligent manner.

The admissibility of children under fourteen years of age to testify, is largely discretionary, and depends mainly upon the moral sense, intelligence and understanding of the child. 1 Greanleaf's Evid., Sec. 367.

From an inspection of the testimony given by this witness, we regard the discretion which admitted her to testify, to have been wisely and properly exercised.

The judgment that was entered after the *remittitur* was made seems to us to be large, but under all the circumstances of the case it is probably as small, if not smaller, than would be the verdict of another jury; and the judgment of the trial court, who saw and heard all the witnesses, having been freely and most commendably exercised in requiring the *remittitur* that was made, we can not say it should certainly be for less. The judgment of the Circuit Court is therefore affirmed.