## J. Wilkes Ford v. Thomas Buckley.

1. MALICIOUS PROSECUTION—*What is a Justification.*—In actions for malicious prosecution, if the defendant had reasonable grounds of suspicion, supported by circumstances sufficient to warrant a cautious man in believing in the guilt of the plaintiff, such suspicion so supported and acted upon in good faith, is a complete justification for the prosecution.

Trespass on the Case, for malicious prosecution. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the October term, 1896. Reversed. Opinion filed January 21, 1897.

SAMSON & WILCOX, attorneys for appellant.

M. L. RAFTREE, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee sued the appellant for maliciously, and without probable cause, prosecuting the appellee upon a charge of embezzlement, from which the appellee was discharged by the justice of the peace before whom the charge was made.

We assume the innocence of the appellee, and that the motive of the appellant in making the charge was such as in law constitutes malice; but the proof is so clear that the appellant had probable cause to believe that the appellee was guilty, that the judgment can not stand. The appellee had been in the service of the appellant more than twenty years. He had received money to be paid to men, who told the appellant, and as witnesses testified, that they never received it, though the appellee reported that he had so paid it, and as a witness on the trial, persisted in that story. We can not go through the whole evidence, showing, among other things, a personal examination of books and witnesses by, and advice of, counsel, for the purpose of demonstrating the only reasonable conclusion, that the appellant had reasonable grounds of suspicion, supported by circumstances sufficient to warrant a cautious man in believing in the guilt of the appellee. Such suspicion, so supported and acted upon in good faith, is a complete justification; and it devolved upon the appellee to disprove it. Epstein v. Berkowsky, 64 Ill. App. 498.

The judgment is reversed and a finding of facts will be made as the reason for not remanding.