**Knickerbocker Ice Co. and W. S. Mann v. William Scott.**

1. Malicious Prosecution—*What is Necessary to Maintain the Action.*—To maintain an action for malicious prosecution it must appear that there was not probable cause for the prosecution, and also that the defendant was actuated by malice in instituting the prosecution. There must be both want of probable cause and malice.

Trespass on the Case, for malicious prosecution. Trial in the Circuit Court of Cook County; the Hon. Elbridge Hanecy, Judge, presiding. Verdict for plaintiff, $2,500. Remittitur by suggestion of the court, $2,100. Judgment for $400. Appeal by defendant. Heard in the Branch Appellate Court, First District, at the March term, 1898. Reversed. Opinion filed June 21, 1898.

### Statement.

This was an action for malicious prosecution. Appellee, in June, 1894, was an employe of the Metropolitan Ice Company. June 29, 1894, he backed a wagon which he was in charge of up to a car loaded with ice for the Knickerbocker Ice Company and took away a ton or more of ice belonging to the latter company. Information of the taking came to the appellant Mann, the superintendent for the Knickerbocker Ice Company; he communicated with the main office, and was directed to swear out a warrant for the arrest of appellee on a charge of larceny, which was done. Appellee

was arrested and taken to the station, and was bailed out about midnight. The case was three times continued, and was finally dismissed for want of prosecution nearly a month after the arrest. It is said that the Metropolitan Ice Company adjusted the matter with the Knickerbocker Ice Company, and hence the prosecution was abandoned and appellee discharged. He then brought this suit. A verdict for $2,500 was returned by the jury, but $2,100 was remitted at the suggestion of the trial court. Judgment was entered for $400, and appeal taken.

Wilfred H. Card and Matz, Fisher & Boyden, attorneys for appellants.

To the maintaining of an action for malicious prosecution two things must concur:

1. That there was want of probable cause for the prosecution.

2. That the prosecution was malicious. Smith v. Michigan Buggy Co., 66 Ill. App. 520.

The burden of proof is on the plaintiff in a suit for malicious prosecution to show by a clear preponderance of the evidence that the defendant did not have probable cause to institute the prosecution. Palmer v. Richardson, 70 Ill. 544; Skala v. Rus, 60 Ill. App. 479.

To justify an arrest, it is sufficient to show that a crime had been committed by some one, and the facts had come to the knowledge of the person causing the arrest which furnished probable cause or reason to suspect that the person arrested was the guilty party. Mex. Cen. R. R. v. Gehr, 66 Ill. App. 192.

All that is required to constitute probable cause is an honest belief or strong ground of suspicion of the guilt of the person arrested and a reasonable ground for the belief or suspicion; and that may be upon information from others as well as personal knowledge. Harpham v. Whitney, 77 Ill. 32.

Cunningham, Vogel & Cunningham, and H. H. Ferrell, attorneys for appellee.

Knickerbocker Ice Co. v. Scott.

In order to establish probable cause, it is laid down that there must exist an honest belief on the part of the prosecutor, such as a reasonably cautious man would have, of the guilt of the accused, founded on circumstances tending to show that he had committed a criminal offense; how can it be claimed on the evidence in this case, with all the knowl edge that the prosecutor had of the disposition of the ice, and the utter absence of any conversion, that there was an honest belief of Scott's guilt?

Our Supreme Court has held in numerous cases, and in conformity with all the common law authorities, that " where it is proved that the prosecution is without reasonable or probable cause, a jury may infer malice." Krug v. Ward, 77 Ill. 608; Chapman v. Cory, 50 Ill. 512; Israel v. Brooks, 23 Ill. 575; Ross v. Innis, 35 Ill. 487.

" That evil quality of the heart which prompts a man to make a false charge against another for the purpose of private gain or advantage, is legal malice." Neufeld v. Rodiminsky, 144 Ill. 83; Kimball v. Bates, 50 Me. 308; Brooks v. Warwick, 2 Starkey, 393; Ross v. Langworthy, 13 Neb. 492.

Mr. Justice Freeman, after making the foregoing statement, delivered the opinion of the court.

" To maintain an action for malicious prosecution, it must appear that there was not probable cause for the prosecution, and also that the defendants were actuated by malice in instituting the prosecution. There must be both want of probable cause and malice." Harpham v. Whitney, 77 Ill. 32–38.

The absence of probable cause must be clearly shown by a preponderance of the evidence, and the burden is upon the plaintiff to show that there was no such cause. If there was reasonable ground for suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the accused is guilty of the offense charged, then probable cause exists. Palmer v. Richardson, 70 Ill. 544–546, and cases there cited.

In this case it is conceded that the appellee did take a

ton or more of ice belonging to the appellant company. The car was marked with a large card, "Ice for the Knickerbocker Ice Company," and if he did not see it, the evidence tends to show that he might, and ought to have done so, before he loaded up his wagon. If he had sold this ice to his own customers, for his own private benefit, no question would arise as to there being probable' cause for his arrest and prosecution, if these were all the facts known to his accusers.

But it is said that he was acting for his employer, the Metropolitan Ice Co.; that he took the ice under direction of its superintendent; that he delivered the ice to the customers of that company and received no personal benefit from the taking; and that this was known to appellants when the warrant was sworn out. Appellee's counsel therefore urges that the arrest was without probable cause and was for the purpose of forcing a settlement with the Metropolitan Ice Co.; that appellants knew that appellee had no guilty intent to convert the ice to his own use, but "simply took it for the company he represented, and by mistake."

There is no evidence that the appellants knew or had reason to know that their ice had been taken by mistake. Nor is it a necessary inference that because the ice was taken for the use of a corporation by which appellee was employed, there was no guilty intent in the taking. If a corporation commits a theft, it acts by its agent. The corporation can not be arrested. The agent can be. If a man commits a theft for the benefit of his employer, he can not escape punishment on that account alone. He may steal and give the booty to another, but his theft is no less a crime. In this case appellee may have had no guilty intent, but its absence was not proven solely by the fact that the ice was delivered to the customers of his employer. If appellee took the ice, knowing it to be the property of the Knickerbocker Ice Co., or if appellants had reasonable grounds for suspicion, supported by circumstances sufficiently strong to warrant such a belief in a cautious man, then there was probable cause.

Appellee has failed to show that there was not probable cause for the prosecution. On the contrary, the evidence tends to show affirmatively the existence of such cause.

The fact that the jury returned a verdict of $2,500, which in the opinion of the trial court was so excessive as to require that all but $400 of it should be remitted, indicates the influence of a prejudice which taints the verdict as a whole. In Palmer v. Richardson, above referred to, Mr. Justice Craig says : " It seems to be difficult for a jury to comprehend that an innocent person may be arrested for a criminal offense, and at the same time the law affords no redress against the person who caused the arrest and prosecution."

It is clear that appellee can not recover under the facts as shown by the evidence, and the judgment of the Circuit Court is therefore reversed without remanding.