### A. H. McClain, Appellee, v. C. F. Adams Co., Appellant.

MALICIOUS PROSECUTION—*what defense to action for.*   Advice of counsel given as the result of a full and fair disclosure of the facts is a good defense to an action for malicious prosecution.

Action in case.   Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.   Heard in this court at the November term, 1907.   Reversed with finding of fact.   Opinion filed April 21, 1908.

HAMLIN, GILLESPIE & FITZGERALD, for appellant.

JAMES REILLY and ROBERT H. PATTON, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in case by A. H. McClain against C. F. Adams Co., a corporation.   Upon a trial by

jury a verdict was returned finding the defendant guilty, and assessing the plaintiff's damages at $900. Motions for a new trial and in arrest of judgment were overruled, and judgment entered on the verdict from which the defendant appeals. The declaration charges that the defendant on or about January 2, 1906, in Springfield, Sangamon county, Illinois, maliciously and without cause procured the return of an indictment by the grand jury of said county charging the plaintiff with the crime of embezzlement, by reason whereof the plaintiff was arrested, deprived of his liberty for the space of one hour and then brought before a judge of the Circuit Court of said county and caused to give bail for his appearance; that upon said appearance he was duly discharged, fully acquitted of the offense charged against him. The defendant pleaded not guilty.

The evidence shows that appellant corporation was engaged in the sale of furniture and other merchandise upon the instalment plan; that appellee was employed by it to collect instalments as they became due upon sales made in the city of Springfield, his compensation being a certain percentage of the amounts collected by him. When merchandise was sold, the purchaser signed a lease by the terms of which he agreed to pay for the same in instalments as therein specified. These leases were executed in duplicate, one copy being retained by the purchaser and the other returned to the appellant's main office at Peoria, Illinois. The latter copies were forwarded to appellant weekly and when payments were made by purchasers, the same were credited upon each of said copies by writing the amount thereof in figures in a form printed upon the backs of the leases. Appellee was so employed for about six months until April, 1905, during which time he collected instalments upon some 900 leases. During March, 1905, he wrote to the head office of appellant stating that he intended to quit their employment and requesting them to send some one to take his

place. Pursuant to such request appellant sent one Stout from Peoria to check up appellee's collections and close his account with the company. Stout in checking the collections on April 4th discovered that appellee had failed to report the sum of $104.71 collected by him. He then engaged assistants and proceeded to call upon each of the customers holding leases and investigate the state of their respective accounts. He also notified appellee of the shortage mentioned. Appellee acknowledged that said sum had been collected by him and that he had failed to account therefor, and several days afterwards paid the same to Stout. During the progress of further investigation additional alleged shortages were discovered in the sum of $24.50, $15.50 and $18.25. The first two amounts were paid by appellee upon demand but he failed to pay the latter sum. The shortages in question were discovered by interviewing the various customers and comparing the copies of leases held by each of said customers with the copies of the same retained by the company. Upon the failure of appellee to pay the last sum mentioned, Stout, acting for the company, called upon the assistant state's attorney of Sangamon county, who had been engaged in active practice of the law for more than ten years, and stated the foregoing and other facts to him. The assistant state's attorney then advised Stout that appellee was guilty of embezzlement and that criminal proceedings would lie against him. When the grand jury of Sangamon county was impaneled Stout, who had returned to Peoria, appeared before said body in response to a summons and testified. An indictment was returned against appellee charging him with embezzlement but the same was afterwards in some manner mislaid or destroyed, and at a later term of court a similar indictment was returned. Upon the return of each of said indictments appellee appeared in court and gave bond for his appearance. Upon the trial under the second indictment, at the close of the Peo-

ple's case, upon motion of appellee's attorney, the court, under the rule announced in McElroy v. People, 202 Ill. 473, instructed the jury to find him not guilty. Appellee then brought the present suit.

"The policy of the law is to encourage prosecutions where there are facts and circumstances that would induce the belief in the mind of a reasonably cautious man of the guilt of the party accused. In such cases the advice of competent counsel, if given and acted upon in good faith, upon a full disclosure of all the facts, has uniformly been held to constitute probable cause for instituting a criminal prosecution, notwithstanding it may afterward appear that the party accused is not guilty." Murphy v. Larson, 77 Ill. 172; Palmer v. Richardson, 70 Ill. 544; Anderson v. Friend, 71 Ill. 475; Wicker v. Hotchkiss, 62 Ill. 107; Schattgen v. Holnback, 149 Ill. 646; Neufeld v. Rodiminski, 144 Ill. 83.

A careful perusal of the evidence satisfies us that the jury would have been unwarranted in finding that Stout, the agent of appellant, acted in other than good faith. It cannot be said that the undisputed facts and circumstances appearing in evidence were clearly insufficient to create in the mind of a reasonably cautious man, a belief that appellee was guilty of embezzlement. We are further convinced that Stout made a full, fair and truthful statement of all the facts and circumstances within his knowledge to the assistant state's attorney. Mr. Wines testified that after hearing Stout's statement, he advised him that a criminal prosecution would lie. He further testified that when Stout appeared before the grand jury he testified to the same facts that he had stated to the witness and that prior to appearing before the grand jury he stated to the witness all the material facts testified to by him before that body. Appellant was therefore fully protected from an action of the present character. The verdict of the jury was manifestly

contrary to and unwarranted by the evidence and it therefore becomes our duty to set the same aside.

The judgment of the Circuit Court will be reversed and the cause not remanded.

*Reversed.*

Finding of fact, to be incorporated in judgment. We find that probable cause existed for the prosecution instituted at the instance of appellant.