Emil Eisner, Plaintiff in Error, v. Julius Jesuin, Defendant in Error.

### Gen. No. 17,156.

1. Witnesses—*discretion in excluding testimony of child.* The trial court did not abuse its discretion in excluding the testimony of a ten-year-old girl where it does not appear that such court acted arbitrarily without examining the child as to competency,

and especially where it appears that the finding of the court sitting without a jury seemingly would not have been different if the child had testified as stated in the bill of exceptions.

2. APPEALS AND ERRORS—*presumption that child was examined as to competency to testify.* It is presumed on appeal, in the absence of a contrary showing, that where the trial court excluded the testimony of a ten-year-old girl it made an examination as to the child's age, moral sense, intelligence and understanding.

Error to the Municipal Court of Chicago; the HON. MICHAEL F. GIRTEN, Judge, presiding. Heard in the Branch Appellate Court at March term, 1911. Affirmed. Opinion filed November 7, 1912.

HARRY C. LEEMAN, for plaintiff in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

On September 27, 1910, Emil Eisner, plaintiff in error, commenced an attachment suit in the Municipal Court of Chicago against Julius Jesuin, defendant in error, claiming that the latter was indebted to him in the sum of $110 for board furnished. The Wisconsin Steel Company, for whom defendant in error worked, was summoned as garnishee and filed an answer. The cause was heard by the court without a jury, the attachment issued was sustained, and the court further found in favor of plaintiff in error and assessed his damages in the sum of thirteen dollars, upon which findings judgment against defendant in error was entered for said sum and costs and charges amounting to $5.10, and that plaintiff in error recover of the garnishee the sum of $18.10, and have execution therefor. Plaintiff in error seeks by this writ to reverse the judgment.

From the statement of facts, or bill of exceptions, it appears that

"Plaintiff offered to prove by Ora Eisner, a ten year old daughter of Emil Eisner, that Julius Jesuin roomed and boarded at the house of Emil Eisner from

in October, 1907, until about July 1, 1909. The court ruled out this evidence on the ground that the witness was too young to testify; and on the further ground that he gave very little credence to children's testimony.''

It further appears that

"On motion for a new trial it was urged * * * that there was error in refusing to admit the evidence of the ten year old daughter of plaintiff; * * * that the court erred in ruling that it was not sufficiently proved that Julius Jesuin was a boarder at the house of Emil Eisner, * * * and that on the story of defendant himself his evidence was entitled to no weight whatever.''

Counsel for plaintiff in error urge practically the same points in this court as reasons why the judgment should be reversed. After a review of the case we cannot say that the finding and judgment is against the weight of the evidence. The testimony was conflicting as to whether during a certain period defendant in error was a roomer and a boarder in the house of plaintiff in error, or whether he was only a roomer.

As to the contention that the trial court erred in refusing to admit the evidence of the ten-year-old daughter of plaintiff in error, we are unable to say that there was an abuse of the court's discretion in this regard. It does not appear from the record, as counsel contends it does, that the trial court arbitrarily, and without making any examination of the child as to her competency, refused to hear her testimony. In the absence of an affirmative showing to the contrary, it is to be presumed that the court made an examination as to the age, moral sense, intelligence and understanding of the child. In Epstein v. Berkowsky, 64 Ill. App. 498, 501, this Court said: "The admissibility of children under fourteen years of age to testify, is largely discretionary, and depends mainly upon the moral sense, intelligence and understanding of the child.'' In Shannon v. Swanson, 208 Ill. 52, 54, it is said: "A witness who has reached the age of fourteen years should

be presumed, *prima facie,* competent.   If below that age, his competency to testify is to be determined by an inquiry as to the strength of his mental faculties and his power to understand and appreciate the moral duty to speak the truth.   This inquiry is to advise the trial judge, whose duty it is to determine whether the person is competent to testify.   The decision of this matter may be reviewed, but as the intelligence of the witness is to be ascertained, to some extent, by his appearance and conduct while in the presence of the court, and as the judge is vested with a degree of discretion, it is only when there has been an abuse of discretion or a manifest misapprehension of some legal principle that the decision will be reviewed.''

Furthermore, as this case was tried by the court without a jury, the finding of the court would seemingly not have been different had the child been allowed to testify to the effect as stated in said statement of facts.

The judgment of the Municipal Court of Chicago is therefore affirmed.

*Affirmed.*