JOSHUA HOPKINS *vs.* PATRICK McGILLICUDDY.

Androscoggin. Opinion March 19, 1879.

*Malicious prosecution. Evidence. Advice of counsel. Damages.*

In an action for malicious prosecution, where there is evidence tending to prove that the defendant, before making the complaint and warrant against the plaintiff, sought the advice of his attorney and did not find him, but before the arrest of the plaintiff and before the trial, consulted him in regard to the prosecution and got his opinion and followed his advice in the prosecution : *Held,* this evidence is competent and material upon the question of malice and also upon the question of damages, and should have been submitted to the jury.

ON EXCEPTIONS AND MOTION.

ACTION on the case for an alleged arrest and prosecution of the plaintiff by the defendant, before the municipal court of Lewiston upon a complaint and warrant for an alleged larceny.

Plea, general issue.

The case is fully stated in the opinion. Verdict for the plaintiff for $937.50.

*L. H. Hutchinson, A. R. Savage & F. D. Hale,* for the plaintiff, contended:

I. (Exceptions.) Should these exceptions be sustained, the effect will be that a new trial must be granted. Now when we see in the case itself that substantial justice has been done by the verdict, and that it could not have been legally rendered otherwise than it was, it seems to be preposterous that a new trial should be granted. *French* v. *Stanley,* 21 Maine, 517, and case there cited.

There are numerous cases in which it is held that even if instructions are erroneous, unless it appears also that they might have been prejudicial to the excepting party, a new trial will not be granted. *Russell* v. *Turner,* 59 Maine, 258, and cases there cited. *Bryant* v. *Knox & Lincoln R. R. Co.,* 61 Maine, 300.

It is not sufficient to show that upon a forced and unnatural construction of the statements in the exceptions, and in an improbable contingency, the excepting party may have been aggrieved. It is incumbent on him to show that he actually was so aggrieved. *Lord* v. *Kennebunkport,* 61 Maine, 464. *Soule* v. *Winslow,* 66 Maine, 447. Exceptions will not be sustained on account of abstract errors in instructions, when no injury could have resulted therefrom. *State* v. *Watson,* 63 Maine, 129.

As to employment of counsel or previous consultation. *Fasset* v. *Stevens,* 27 Maine, 283.

Even had he consulted counsel he would not thereby free himself absolutely from liability. In *Hewlett* v. *Churchley,* 3 Taunt. 277, the court held substantially that it would be a most pernicious practice to introduce the principle that a man by obtaining an opinion of counsel might shelter his malice in all cases by bringing an unfounded prosecution. This doctrine is sanctioned in *Blunt* v. *Little,* 3 Mason, 102.

The damages are not excessive. It is proper in the assessment of damages that the jury should take into account the wealth of the defendant, which in this case was between $30,000 and $40,-000. *Humphries* v. *Parker*, 52 Maine, 507.

*W. P. Frye, J. D. Cotton & W. H. White*, for the defendant.

LIBBEY, J. This is case for a malicious prosecution of the plaintiff by the defendant before the municipal court of Lewiston, for the larceny of fifty dollars belonging to the defendant. The declaration alleges that the complaint was made and prosecuted before the court by the defendant, maliciously and without probable cause. The evidence proves that the complaint was made, a warrant issued and the plaintiff was arrested and carried before the court, and gave bail for his appearance on a subsequent day, to which the case was adjourned. The plaintiff then appeared, and the defendant appeared and prosecuted the case against him.

There was evidence tending to prove that the defendant, before the complaint was made, went several times to the office of his attorney, Mr. Ludden, for advice in regard to the matter, but did not find him ; that after the arrest and before the trial, he consulted Mr. Ludden in regard to the case, and took his advice and followed it in prosecuting the complaint further before the court.

Mr. Ludden was called as a witness by the defendant and testified in substance that the defendant consulted with him in regard to the prosecution on the day of the trial, immediately in connection with the trial; that he advised with him in relation to it; that he told the defendant, from the statements made to him that he thought an offense had been committed ; he did not know as that was the precise language, but that was the substance of it ; that he was present at the trial in the municipal court, and acted as attorney for the city and prosecuting attorney for the defendant ; that in the consultation there were two points that he asked the defendant particularly in reference to, and two points in reference to which he asked the plaintiff, on cross-examination at the trial, and the defendant and plaintiff entirely concurred in

their statements, and upon those statements he based his opinion; that he told the defendant and the clerk of the court that there was a mistake, if he remembered right, in the complaint; the complaint being for larceny, whereas it should have been for embezzlement; that the offense was embezzlement and the complaint should have been made for embezzlement; and that he did not remember what the defendant said to him about the plaintiff's stealing the money, or that he was going away on the train and he had him arrested to prevent him from going.

In his charge to the jury the presiding judge withdrew this evidence from their consideration entirely; either on the question of probable cause, or of malice, or of damages. We think this was error.

To maintain his action the burden was on the plaintiff to prove a want of probable cause and malice on the part of the defendant in prosecuting him.

It is claimed by the plaintiff that the evidence was not competent for the consideration of the jury upon the question of probable cause, because the defendant did not prove that he, in good faith, communicated to the attorney all the facts within his knowledge, or which he might have learned in the exercise of due diligence, bearing upon the question of the guilt of the plaintiff. This was a question of fact for the determination of the jury. *Anderson* v. *Friend,* 71 Ill. 475. If, however, the evidence was not sufficient, giving it all its probative force, to authorize the jury to find in favor of the defendant upon this issue, it was properly withdrawn from their consideration by the judge. We do not deem it necessary to decide this point, as we think it clear that the evidence was proper for the consideration of the jury upon the question of malice.

" The existence of malice is always a question exclusively for the jury. It must be found by them or the action cannot be sustained. Hence it must always be submitted to them to find whether it existed. The court has no right to find it, nor to instruct the jury that they may return a verdict without it. Even the inference of malice from the want of probable cause is one which the jury alone can draw." *Stewart* v. *Sonneborne,* U. S.

S. C. Oct. T. 1878, (Alb. L. Jour., Feb. 1, 1879,) and cases there cited. *Humphries* v. *Parker*, 52 Maine, 502.

The plaintiff was not required to prove that the defendant was actuated by express malice in the popular sense of the term ; but it was sufficient if he proved malice, in fact, in its true legal import. " In a legal sense, any act done wilfully and purposely to the prejudice and injury of another, which is unlawful, is, as against that person, malicious." *Commonwealth* v. *Snelling*, 15 Pick. 337. *Pullen* v. *Glidden*, 66 Maine, 202.

The jury may infer malice from the want of probable cause, but the want of probable cause is only one fact tending to prove malice. It may be proved by the defendant's acts, conduct and declarations in regard to the prosecution, or by other circumstantial evidence, like any other fact. *Humphries* v. *Parker*, *supra*. 2 Greenl. Ev., § 453. *Pullen* v. *Glidden*, 68 Maine, 559.

So on the part of the defendant, any evidence which fairly tends to show that in what he did he acted from proper motives, honestly and without malice, was proper for the consideration of the jury upon this issue. Acting upon this rule, this court, in *Pullen* v. *Glidden*, *supra*, held that the defendant may prove that it was the common report in the community where the plaintiff lived that he had committed the crime for which the defendant caused him to be prosecuted. The evidence withdrawn from the consideration of the jury tended to prove the defendant's acts and conduct immediately connected with the prosecution, before making the complaint, while it was pending and before the trial in court. We think it had some tendency, in connection with the other evidence in the case, to prove that the defendant was acting from proper motives and honestly, and not for the unlawful purpose of inflicting an injury upon the plaintiff.

We think the evidence competent for the consideration of the jury on the question of damages also. The jury was authorized to give punitive damages, and from the large damages awarded, we presume a large portion of the verdict is for damages of that class. What sum the jury, in the exercise of a sound discretion, should award against the defendant by way of punishment would

depend largely upon the degree of malice by which he was actuated. If they were satisfied that there was express malice, in the popular sense of the term, they might award a larger sum than if it existed in its true legal import merely. The evidence might properly have some weight in determining that question.

> *·Exceptions sustained.*
> *New trial granted.*

APPLETON, C. J., WALTON, BARROWS and VIRGIN, JJ., concurred.