Jacks *v.* Stimpson.

CHARLES JACKS, Plaintiff in Error, *v.* LIBERTY STIMPSON, Defendant in Error.

ERROR TO ROCK ISLAND.

In an action for a malicious prosecution, it must be shown, that the defendant instituted the prosecution against the plaintiff, maliciously and without probable cause; and the two must concur. If the prosecution was malicious and unfounded, but there was probable cause for its institution, the action cannot be maintained.

Jacks v. Stimpson.

What constitutes the probable cause, which will justify the prosecution of a person for a criminal offence, is a question of law; and it may be laid down as a rule, that an honest belief of the guilt of the accused, founded on circumstances tending to show that he has committed a criminal offence, negatives the idea of a want of probable cause for the prosecution.

The mere belief of a prosecutor, that he had good cause for commencing criminal proceedings, is not a sufficient defence, if all the facts and circumstances under which he acted clearly show, that there was no probable cause for his acts, and that his belief was groundless, and could not have been formed without the grossest ignorance and negligence.

THIS was an action on the case for malicious prosecution, brought by Stimpson against Jacks, in the Henry County Circuit Court, and taken, by change of venue, to Rock Island; where it was tried at the November term, 1851, of the Circuit Court of that county, before WILKINSON, Judge, and a jury, and judgment was rendered against Jacks for $500 damages.

The plaintiff below proved, on the trial, that Jacks procured a warrant to be issued by one Griffin, a justice of the peace, for Stimpson, on a charge of larceny, for taking some cattle from the inclosure of said Jacks; under which warrant Stimpson was arrested and discharged, upon an examination before the justice; he also proved actual damages resulting to himself from such arrest.

He also gave in evidence the following contract:

"HENRY COUNTY, ILL., August 26, 1848.

" Received of .L. Stimpson forty dollars, in part, for four four-year-old steers and four three-year-old steers, to be delivered when called for. Due eighty dollars. The said steers being at the risk of said Stimpson, the balance due to be paid in Octo-ber, and the cattle received then.　　　CHARLES JACKS."

It was also proved that, on or about the tenth day of November following, Stimpson tendered Jacks eighty dollars, as the residue of the purchase-money due on said cattle; that Jacks refused to receive it, alleging that Stimpson had forfeited the cattle; that, finally, Jacks did take the money, but said he would not take it for the cattle, and that Stimpson should not have the cattle. Stimpson took the cattle from the field of Jacks,

and put them into a drove with other cattle belonging to Stimpson.

Motions for a new trial, and in arrest of judgment, were made, and overruled by the court, and the defendant excepted.

J. Manning, for plaintiff in error.

N. H. Purple, for defendant in error.

Trumbull, J. This was an action on the case for a malicious prosecution. Jury-trial, verdict and judgment against the defendant below for $500 damages.

To maintain an action for a malicious prosecution, it must be shown that the defendant instituted the prosecution against the plaintiff maliciously, and without probable cause; and the two must concur. If the prosecution were malicious and unfounded, but there was probable cause for its institution, the action cannot be maintained.

What constitutes the probable cause which will justify the prosecution of a person for a criminal offence, is a question of law, the determination of which must necessarily depend, in a great measure, upon the facts of each particular case; but it may safely be laid down as a rule, that an honest belief of the guilt of the accused, founded on circumstances tending to show that he has committed a criminal offence, negatives the idea of a want of probable cause for the prosecution. Foshay v. Ferguson, 2 Denio, 617.

Tested by this rule, it is clear that the Circuit Court erred in refusing the third instruction asked by the defendant. That instruction was as follows: "In order to show probable cause, it is not necessary to exhibit proof of guilt in respect to the party accused, but a belief of guilt on the part of the accused (accusing) party against the accused, founded upon circumstances tending to show guilt, is sufficient evidence to show probable cause." There is a verbal inaccuracy in the instruction; but in substance it amounts to this, that a belief of guilt, founded on circumstances tending to establish that fact, is sufficient evidence in an action for a malicious prosecution to show that such prosecution was not instituted without probable

cause. Unless this be the law, no man would feel safe in entering a complaint against another for a criminal offence; for, unless the prosecution should result in a conviction, he would be liable to an action for damages; the fact, that he acted upon circumstances tending to show the accused guilty of the imputed offence, and that he really believed him so, affording him no protection.

Such is not the law, and public policy forbids that it ever should be. While the law secures every person from unfounded arrests, maliciously instituted against him without probable cause, it at the same time protects the honest citizen, who discharges his duty to the community by the prosecution of one whom he has probable cause for believing criminally guilty.

The other error principally relied on was the refusal of the Circuit Court to give the seventh instruction, which reads as follows: " If the jury find that the defendant Jacks actually believed that he had good cause to prosecute Stimpson before the magistrate, the want of probable cause then furnishes no evidence of malice."

That the inference of malice, arising from the want of probable cause may be rebutted, is not denied; but it is not necessarily overcome, as the instruction would imply, by simply showing, if such a thing be possible, that the defendant believed there was probable cause, when all the facts and circumstances under which he acted clearly show that there was none; that his belief was utterly groundless, and could never have been formed without the grossest ignorance and negligence. As was said by Lord Ellenborough, in Brooks v. Warwick, (2 Starkie's Rep. 390,) a commitment may be pressed under circumstances showing such a *crassa ignorantia*, as to amount to malice.

The mere belief of the prosecutor is no defence; he must have had probable cause for his belief. Winebiddle v. Porterfield, 9 Barr, 137; Hall v. Suydam, 6 Barb. Sup. Ct. Rep. 84; Wills v. Noyes, 12 Pick. 324; Wood v. Weir, 5 B. Monroe, 544.

Judgment reversed, and cause remanded.

*Judgment reversed.*