JAMES THOMPSON

*v.*

PHEBE FORCE.

1. MALICIOUS PROSECUTION—*malice inferred from want of probable cause.* Where the defendant commenced a criminal prosecution of the plaintiff for a breach of the peace in a distant town from that in which the plaintiff resided, in which she appeared and gave bail, but she was finally discharged, and where the whole record in a suit by the plaintiff for malicious prosecution showed there was no probable cause: *Held,* from the fact of there being no probable cause, that malice might be inferred.

2. INSTRUCTIONS—*lengthy and argumentative.* It is not error to refuse an instruction, although it contains some good law, where it is of great length, and is rather an argument of counsel on the whole case than an instruction.

3. ERROR—*not always a ground for reversal.* Although there may be some inaccuracies in the instructions, yet if, upon the whole, the case was fairly put to the jury, and this court can see that if the cause was submitted to another jury the same or a larger verdict would be the result, it will not reverse the judgment on the appeal of the defendant.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. WILLOUGHBY & GRANT, for the appellant.

Messrs. CRAIG & HARVEY, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case, in the Knox circuit court, for a malicious prosecution, which resulted in a verdict for the plaintiff for one hundred dollars. The court rendered judgment on the verdict, to reverse which the defendant appeals.

The prosecution, commenced by the defendant before a magistrate, was for a breach of the peace, from which the plaintiff was discharged.

In looking over the whole record, we are satisfied appellant had no cause whatever for prosecuting the plaintiff, and, having no probable cause, malice may be inferred. *Israel* v. *Brooks*, 23 Ill. 575; *Ross* v. *Innis*, 35 ib. 487; *Chapman* v. *Cawrey*, 50 ib. 512.

As from evidence of bad feeling, if not of malice, appellant made his complaint before a magistrate in a distant town, before whom appellee was compelled to appear, giving bail therefor in the sum of one thousand dollars. Though not actually in the personal custody of the officer, she was in legal custody.

There was a bad feeling between the parties, as there will be sometimes between near neighbors, as they were, and appellant should not have included appellee and her daughter-in-law in the complaint, Briggs Sornberger being the only guilty party. It was natural his mother and wife, seeing him in hot contest with appellant, should have rushed to his assistance.

There may be some inaccuracies in the instructions, but upon the whole, the case was fairly put to the jury, and if it

should be again submitted to another jury, on the same testimony, the same or a larger verdict would be the result.

We desire to say, if appellant's first instruction, which the court refused, contains some good law, as it should, being spread over three pages of the abstract, the court did right in refusing it, as it is rather an argument of counsel on the whole case than an instruction. Such form of instruction was condemned by this court in *Merritt* v. *Merritt,* 20 Ill. 80.

We do not believe a different verdict would be rendered if the cause was again tried. We think substantial justice has been done by the verdict and judgment, and see no reason for reversing it.

The judgment must be affirmed.

*Judgment affirmed.*