## Lemuel I. Anderson

### *v.*

## Eliza Friend.

71   475
24a 289
25a 113
25a 426
71   475
36a 572
71   475
144   87
71   475
149 651
71   475
69a 125
71   475
101a 4271
71   475
115a 4245

1. Malicious prosecution — *good faith on the part of the prosecutor.* In an action for malicious prosecution, good faith on the part of the prosecutor is always an important, if not a vital element of inquiry, and is always a sufficient justification, except where an unreasonable credulity is manifested, inducing the prosecutor to draw conclusions of guilt, where it would have been wanting in the perception of a person of ordinary prudence and judgment.

2. Same—*any fact going to disprove either malice or want of probable cause is admissible in evidence.* The ground of the action for a malicious

prosecution is, malice and the want of probable cause, and any fact going to disprove either is admissible; and honest belief on the part of the prosecutor, of the guilt of the accused, founded on circumstances tending to show that he has committed a criminal offense, negatives the idea of the want of probable cause for the prosecution.

3. It is competent for a defendant, in an action for malicious prosecution, to show that information had been communicated to him by others, and what that information was, relative to the conduct of the plaintiff in connection with the crime for which he was prosecuted, upon which information the defendant, in part, acted in instituting the prosecution complained of.

4. SAME—*when prosecution instituted by advice of counsel.* Where a party communicates to counsel all the facts bearing upon the guilt of the accused, of which he has knowledge, or could have ascertained by reasonable diligence, and in good faith acts upon the advice of such counsel in prosecuting the party accused, he can not be held responsible in an action for malicious prosecution.

5. It is, of course, a question of fact, in such cases, whether the party has fairly communicated to his counsel the facts within his knowledge, and used reasonable diligence to ascertain the truth, as also whether he acted in good faith upon advice received from counsel, to be determined by the jury, from the evidence.

6. SAME—*evidence as to why criminal prosecution was dismissed, proper.* In an action for malicious prosecution, where it appears that the criminal proceedings upon which the suit was founded were dismissed by the prosecuting attorney, it was competent and proper for the defendant to prove by the prosecuting attorney why he dismissed the criminal prosecution.

7. WITNESSES—*when the husband may be for the wife.* In an action by the wife for a malicious prosecution against her for a criminal offense, the husband is a competent witness for her.

8. A MARRIED WOMAN *is authorized to bring suit in her own name for a malicious prosecution,* just as if she were sole and unmarried; and she is entitled to the proceeds of whatever judgment she may recover, as her separate property, free from the control or interference of her husband.

APPEAL from the Circuit Court of Logan county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Mr. S. A. FOLEY, for the appellant.

Mr. I. T. HOBLIT, and Messrs. BEASON & BLINN, for the appellee.

Mr. Justice Scholfield delivered the opinion of the Court :

This is an action on the case for malicious prosecution, by appellee against appellant. The charge made by the declaration is, that appellant maliciously and without probable cause procured appellee to be arrested and prosecuted before a justice of the peace for larceny, in stealing, in conjunction with two other persons, a hog, the property of appellant.

Appellee is a married woman, and, during the progress of the trial, she introduced, as a witness on her behalf, her husband, who was permitted to give evidence, against appellant's objection, and this is one of the errors assigned and argued.

It is provided by section 5 of the act relating to the competency of witnesses in civil cases, in force February 14, 1867, "that no husband or wife shall, by virtue of section 1 of this act, be rendered competent to testify for or against each other as to any transaction or conversation occurring during the marriage, whether called as a witness during the existence of the marriage or after its dissolution, except in cases where the wife would, if unmarried, be plaintiff or defendant, * * * and except, also, in cases where the litigation shall be concerning the separate property of the wife; in all which cases the husband and wife may testify for or against each other in the same manner as other parties may under the provisions of this act."

The plaintiff here is authorized to bring suit in her own name, just as if she were sole and unmarried, because, under the law as it now stands, she is entitled to the proceeds of whatever judgment she may recover, as her separate property, free from the control or interference of her husband.

It is plain, therefore, that her husband was properly admitted to testify as a witness in her behalf, under the language of the section quoted.

The State's Attorney for Logan county, Mr. Hudson, con-

ducted the prosecution against appellee, in his official capacity, and he dismissed the prosecution without going through the form of a trial before the justice of the peace. He was sworn as a witness on the trial in the court below, and gave evidence on behalf of appellant. Among other questions propounded to him by appellant, was the following: "Please state to the jury why you dismissed the case before the justice?" To this, appellee, by her counsel, objected, and the court sustained the objection, and refused to allow the question to be answered. Appellant excepted, and insists the court erred in this ruling.

We think the question should have been answered. As was said in *Collins et al.* v. *Fisher*, 50 Ill. 361, "Such reasons for dismissing the suit might have been given as would have in a manner disrobed the case of all pretense of malice, whereas, by its rejection, the jury were left to infer it was dismissed for the reason that it had been unjustly brought, or to any other influence the fertile minds of the jury might suggest, prejudicial to the defendants." The fact that the State's Attorney was not acting under the direction or control of appellant, but in the discharge of an official duty, instead of being an argument against the admission of the evidence, is directly the reverse. The inference which the jury would likely draw from the fact of its dismissal by him would be quite as prejudicial to appellant as if the dismissal had been by himself, and there is, therefore, the same necessity for allowing the cause which induced the dismissal to be given in evidence in the one case as in the other.

Appellant offered to prove, by his own evidence, that, in commencing the prosecution, he acted under the advice of the State's Attorney; that he acted in good faith, and verily believed that appellee was guilty of larceny, and also proposed to give in evidence what had been communicated to him by Robert Weaver and William Sapp, relative to appellee's conduct in connection with the larceny charged, upon which, in part, he acted in instituting the prosecution. This

was all objected to, in its order, by the counsel for appellee, and the objections were sustained by the court, and the evidence was not permitted to be given. Appellant took proper exceptions, and also insists that these rulings were erroneous.

It has been many times held by this court that, if a party communicate to counsel all the facts bearing upon the guilt of the accused, of which he has knowledge, or could have ascertained by reasonable diligence, and, in good faith, acts upon the advice of such counsel, he can not be held responsible for his conduct in this form of action. It is, of course, a question of fact, in such cases, whether the party has fairly communicated to his counsel the facts within his knowledge, and used reasonable diligence to ascertain the truth, as also whether he acted in good faith upon the advice received from counsel, to be determined by the jury, from the evidence. *Ross et al.* v. *Innis*, 26 Ill. 277; Same v. Same, 35 id. 503; *Wicker* v. *Hotchkiss*, 62 id. 107; *Collins* v. *Hayte*, 50 id. 337; *Ames* v. *Snider*, 69 id. 376.

As was observed in *Collins* v. *Hayte, supra,* "good faith on the part of the prosecution is always an important, if not a vital element of inquiry, and is always a sufficient justification, except where an unreasonable credulity is manifested, inducing the prosecutor to draw conclusions of guilt, when it would have been wanting in the perception of a person of ordinary prudence and judgment." And so it was held in *Jacks* v. *Stimpson,* 13 Ill. 703. The mere belief of the prosecutor, without probable cause for his belief, is no defense, but " an honest belief of the guilt of the accused, founded on circumstances tending to show that he has committed a criminal offense, negatives the idea of a want of probable cause for the prosecution." The question is not whether the plaintiff was actually guilty, but whether the defendant had reasonable grounds, from the facts known to him and the communications made to him, to believe, and did actually believe, that the plaintiff was guilty. *Faris* v. *Starke,* 3 B. Monroe, 46; *Ross* v. *Innis,* 26 Ill. 575.

As the ground of the action is malice and want of probable cause, any fact going to disprove either is properly admissible in evidence. *Israel* v. *Brooks*, 23 Ill. 277.

And it is said, in 1 Greenleaf on Evidence (7 Ed.), sec. 101, " Where the question is, whether the party acted prudently, wisely or in good faith, the information on which he acted, whether true or false, is original evidence. This is often illustrated in actions for malicious prosecutions, and also in cases of agency and of trusts."

That a party who is told, by those whom he has no cause to distrust, that a particular individual has done this or that thing, which is not, in itself, improbable, and which he does not know to be untrue, has probable cause for believing and acting on the information so received, is a proposition too self-evident to admit of argument; and the policy of the law will no more permit the individual who, in good faith, institutes a criminal prosecution upon information thus acquired, and which, addressed to a reasonable mind, would induce the belief of the guilt of the accused, to be mulcted in damages because of a failure to establish the guilt, on the trial, than it will because of the same result when he acts upon his own knowledge.

It results, from these views, that, in our opinion, the court below erred in excluding the evidence offered for the purposes mentioned.

There is a single objection to the instruction asked by appellant and refused by the court, and, but for that, it should have been given. It fails to include the hypothesis that the defendant believed the representations made by Sapp and Weaver to be true, and that, in filing the complaint, he acted upon them, believing them to be true.

For the errors indicated, the judgment is reversed and the cause remanded.

*Judgment reversed.*