### Louis Treptow, Jr., Appellee, v. Montgomery Ward & Company, Appellant.

### Gen. No. 15,011.

1. MALICIOUS PROSECUTION—*when malice presumed.* Malice will not be inferred unless probable cause exists; but where there is an entire lack of probable cause malice may be presumed to have been the motive actuating the prosecution.

2. EVIDENCE—*when admission of improper, will not reverse.* If improper evidence has been admitted without objection and is imme-

diately upon motion stricken out, no complaint can be urged on appeal.

3. EVIDENCE—*when admission of improper, will not reverse.* If the evidence which was improper did not add anything to the issues before the jury, no harm is deemed to have resulted and a reversal will not be ordered.

4. INSTRUCTIONS—*need not repeat.* The refusal of a correct instruction is not error if its substance is contained in another instruction given.

5. INSTRUCTIONS—*effect of failure to present.* Before error can be successfully urged upon the refusal of the court to give an instruction, it must appear that such instruction was tendered to the trial judge.

6. INSTRUCTIONS—*when reference to ad damnum will not reverse.* *Held,* that the reference to the *ad damnum* in an instruction given in this case, which was one for malicious prosecution, circumscribed as it was by the language employed, was not such error as would reverse.

7. VERDICTS—*when not excessive.* *Held,* under the evidence in this case, which was one instituted for malicious prosecution, that a verdict of $4,000 was not excessive.

Action for malicious prosecution. Appeal from the Superior Court of Cook county; the Hon. WILLARD M. McEWEN, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed March 31, 1910. Rehearing denied April 14, 1910.

GEORGE P. MERRICK, for appellant; WILLIAM C. McHENRY, of counsel.

A. J. HANLON, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This action for malicious prosecution resulted in the trial court favorable to plaintiff, the jury finding defendant guilty, assessing damages at the sum of $4,000 by their verdict. After overruling a motion for a new trial a judgment was entered upon the verdict and this appeal seeks our review of the record and a reversal of the judgment.

Defendant's argument in its essence challenges the verdict as being manifestly contrary to the evidence contending that there was probable cause for the ar-

rest and that malice is lacking; that there was error in the admission of evidence and in instructions upon the law to the jury; and failure to mark either "given" or "refused" an instruction found among the files, which was not read to the jury.

A careful reading of the evidence convinces our minds that the verdict of the jury logically came about by a discriminating solution of the evidence heard by the jury, and that the verdict finds ample support in the evidence. Under well settled rules of law a court of review, so minded, has no right to interfere with such a verdict. What, in brief, are the evidential facts? Plaintiff was an employe of defendant as a packer. At the time of his arrest he was engaged in packing jewelry. He worked in connection with others, among whom was one Brophy. Four watches were purloined, three of which had passed through plaintiff's hands, but all of them were equally accessible to Brophy and others engaged in that department after leaving the hands of plaintiff. Aside from the fact that the missing watches had been handled by plaintiff, there was not a suspicious circumstance tending to connect him with their theft. His reputation for honesty to that time was not questioned. He did all he reasonably could to solve the mystery of the disappearance of the watches. He voluntarily accompanied defendant's detectives wherever they suggested he should go, and in fact it was his suggestion which resulted in the apprehension of Brophy. There never was, in the whole investigation by the detectives of defendant, any circumstance which constituted even a suspicion of probable cause that plaintiff stole the watches. Candor characterized every act of plaintiff at every stage of the proceeding. His arrest was entirely unwarranted and uncalled for from every viewpoint of his conduct and character. The detectives were overzealous. What they lacked in good sense and honest purpose they made up in misdirected zeal. Their actions and conduct are attributable to defendant, who cannot escape the penalty of responsi-

bility therefor to plaintiff. Not content with arresting plaintiff without a warrant and without the existence of any probable cause of guilt, defendant's detectives attempted to extort a confession from plaintiff of a crime he was not guilty of committing. When defendant's agents must have known that there was no evidence obtainable connecting plaintiff with the theft, they applied for and obtained a continuance of the hearing before the committing magistrate, which resulted, as they knew it must, in imprisoning in the Cook County jail for several days this young man, who was innocent in the eyes of the law and in fact of stealing the missing watches. Malice will not be inferred where probable cause exists, but where there is an entire lack of probable cause malice may be presumed to have been the motive actuating the prosecution. Roy v. Goings, 112 Ill. 656. To constitute probable cause there must be reasonable grounds for suspicion, supported by circumstances sufficiently strong to warrant in a cautious man belief of guilt. Parmalee v. Griffin, 136 Ill. App. 307. The Parmalee case on the facts bears not the slightest resemblance to the the facts in this record, for in the Parmalee case probable cause was manifest; here it is absent. But the law announced in the Parmalee case is of as much controlling force in this as in that case and in no respect in conflict with our holding.

Having disposed of the merits of the case we will briefly discuss the errors of procedure urged as grounds for reversal. To the contention that the question put to and answered by plaintiff in the negative, as to whether he "had taken or stolen a watch from that firm," it may be said that conceding that the question was improper, it was not objected to, and the motion afterwards made to strike it out being allowed may be regarded as a sufficient curative. In no case can such error, if error it was, be held to be so harmful as to constitute cause for reversal, because in law and fact plaintiff stood before the jury with the

presumption of innocence in his favor, and not having been convicted and there being no probable cause at any time justifying a suspicion of his guilt, his stating that he was not guilty did not inject an element into the case which was not already before the jury. This case is not at all like Tumalty v. Parker, 100 Ill. App. 382, in which the element of probable cause existed, as the court found. The erroneous ruling of the court in the Tumalty case consisted not in attempting to prove the plaintiff's innocence, but in showing that an attorney tried to induce defendant to let plaintiff "come out on bonds" or "to reduce the bonds." This evidence was admitted over objection of defendant, although afterwards stricken out and the court held that this evidence was of such an injurious character that the evil result flowing from its admission was not cured by afterwards striking it out. Moreover, plaintiff testified on his direct examination, without objection, that he told Townsend when charged with stealing a watch that he never stole anything from defendant or any one else. The effect of the answer to the question now objected to was purely negative and therefore harmless.

While it is but fair to say that instruction 13 proffered by defendant and refused by the court contained accurate statements of the law applicable to the state of the proof, and might have been given by the trial judge without committing error, yet it is just as fair to remark that every material element of this refused instruction was embodied in instructions 5 and 9 given at the request of defendant, and that nothing material in instruction 13 was omitted in 5 and 9. If instruction 13 had been given, it would certainly have had a marked tendency to confuse the jury as to the law of the case stated in these three instructions in varying form. Instruction 13 was properly refused.

Complaint is made that the following instruction was not read to the jury:

"The court instructs the jury, as a matter of law,

that the burden of proof in this case is upon the plaintiff, and if the jury find from the evidence that the evidence bearing upon the plaintiff's case is evenly balanced, or that it preponderates in favor of the defendant, then plaintiff cannot recover and you should find for the defendant."

This instruction is not found in the main bill of exceptions, but in an addenda thereto signed by the trial judge. It is certified that the instruction was, after the trial, discovered by counsel for defendant, marked with the file mark of the clerk; that it was not given to the jury and the court had no recollection of its being tendered. No duty rested upon the trial judge to examine or mark the instruction until tendered to him by counsel. We are not therefore called upon, in this condition of the record, to pass upon the question as to whether it should have been given or refused. Presentation of an instruction to the court is indispensable to action thereon by the court.

The following instruction, given at the instance of plaintiff, is said to be erroneous, viz:

"You are further instructed that if you believe from the evidence that the defendants by their servants maliciously caused the arrest and imprisonment of the plaintiff without probable cause, as alleged in the plaintiff's declaration, you will find for the plaintiff and may assess his damages at such sum as you may think proper from the facts and circumstances of the case, *not exceeding the sum of ten thousand dollars.*"

The error is claimed to lie in the words italicized. Counsel city many cases in support of their contention, but none of them are pertinent. The cases cited arose in death claims and claims for personal injuries, where the damages recoverable are compensatory only and where exemplary damages are not permitted to be considered as an element of damage. Plaintiff was entitled to an award of exemplary as well as compensatory damages for the wrongs suffered in being prosecuted for a crime of which there was no fact or

circumstance constituting probable cause of guilt. While the jury were told to assess the damages within the limit of the *ad damnum,* yet it was further circumscribed by confining such assessment to "the facts and circumstances of the case," which was tantamount to saying, "as shown by the evidence." While this instruction may be of doubtful propriety, in view of the award of damages, we do not regard it as misleading or as calling for a reversal.

The cause was submitted to the jury, as it should have been, notwithstanding defendant's motion to the contrary. To the jury's finding of fact we accord our assent. We do not regard the assessment of damages as excessive. Plaintiff was submitted to great indignity. He was incarcerated in a cell at the police station for three days and afterwards for several days in the county jail. He was told by defendant's agents that he was a thief and efforts were made to compel him to confess his criminality. His mother was appealed to, to use her motherly influence to procure from him a confession of guilt. His feelings were naturally shocked at the treatment accorded him. He was a young man on the threshold of the duties of life. His arrest was not only humiliating, but likely to affect his opportunities of advancement in life, which his ability, coupled with the essential of a good character for honesty and probity, justified him in anticipating. Lacking character for honesty would blast his hopes of preferment and his arrest on a charge of stealing and detention in prison were calculated to hinder him in attaining to the position in life in which his character and ability unsmirched might place him. We cannot, with these conditions in mind, say that $4,000 is an excessive award of damages, or that prejudice or passion on the part of the jury entered into their assessment.

There is no error in this record calling for our interference, and the judgment of the Superior Court is affirmed.

*Affirmed.*