## Leopold Mioduszewski, Defendant in Error, v. Stefan Spoganitz, Plaintiff in Error.

### Gen. No. 23,393.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. PATRICK B. FLANAGAN, Judge, presiding. Heard in this court at the October term, 1917. Reversed with finding of fact. Opinion filed December 17, 1917.

### Statement of the Case.

Action by Leopold Mioduszewski, plaintiff, against Stefan Spoganitz, defendant, for malicious prosecution. From a judgment for plaintiff for $1,000, defendant brings error.

MAXIMILIAN J. ST. GEORGE, for plaintiff in error.

WALTER J. FLENS and LEE W. CARPENTER, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. MALICIOUS PROSECUTION, § 13*—*when advice of counsel affords protection.* The advice of competent counsel made upon a full and fair disclosure of all the facts and circumstances involved in the case in which the advice of such counsel is sought is a justification for prosecution by the party advised and protection to him against being answerable in damages for malicious prosecution.

2. MALICIOUS PROSECUTION, § 75*—*when evidence shows probable cause to believe that plaintiff was guilty of crime.* Evidence *held* sufficient to show that there was probable cause to believe that plaintiff was guilty of conspiracy and embezzlement with which he was charged on the complaint of defendant and that defendant might prudently have been so advised by his counsel for prosecution of plaintiff, in an action for malicious prosecution.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. MALICIOUS PROSECUTION, § 65*—*what is not evidence of malice in prosecuting criminal case.* The fact that defendant, in an action for malicious prosecution, exhibited some temper in discussing the supposed delinquencies of plaintiff was not evidence of malice, where defendant had instituted the prosecution of a criminal case upon advice of competent counsel on a full and fair statement of all facts within defendant's knowledge or which he could obtain on reasonable inquiry.

4. MALICIOUS PROSECUTION, § 65*—*what is effect of termination of criminal prosecution as proof of malice or want of probable cause.* The termination of a criminal prosecution in plaintiff's favor, on account of which an action for malicious prosecution is brought, did not tend to prove either the element of malice or want of probable cause.