## George A. Farris, Appellee, v. Amos Messimore, Appellant.

1. MALICIOUS PROSECUTION, § 10*—*what is malice.* Probable cause and malice defined in an action for malicious prosecution.

2. MALICIOUS PROSECUTION, § 10*—*what is necessary to justify action.* In an action for malicious prosecution, both want of probable cause and malice must concur, and the existence of one or the nonexistence of the other will prevent a recovery.

3. MALICIOUS PROSECUTION, § 76*—*when malice is not shown.* The institution of criminal proceedings for the theft of part of a harness, for the purpose of recovery of the prosecuting witness' property and enforcing the law, was legitimate and did not show the existence of malice.

4. MALICIOUS PROSECUTION, § 75*—*when nonexistence of probable cause is not shown.* Where the record in a malicious prosecution suit warranted the belief that part of a harness in plaintiff's possession had been stolen from defendant, that the latter was not actuated by any wrong motive in instituting the prosecution complained of, and where plaintiff did not say when, where or from

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

whom he got the harness but simply said that he had owned it for 5 years, the nonexistence of probable cause was not shown.

5. MALICIOUS PROSECUTION, § 77*—*when termination of prosecution is shown.* Evidence in a malicious prosecution suit, that neither defendant nor any one for him, appeared before the justice at the time set for the hearing of the charge against plaintiff, and that the case was dismissed, sustained the allegation of the declaration that plaintiff was fully acquitted and discharged of the supposed offense and the prosecution wholly ended and determined, although it also appeared that defendant's failure to appear was because the State's Attorney had advised him that the case had been brought in the wrong county and that he should let it be dismissed.

6. MALICIOUS PROSECUTION, § 96*—*when attorney's fee is element of damage.* The amount paid by plaintiff in malicious prosecution, in employing a lawyer in consequence of defendant's wrongful act, would be an element of damage.

7. MALICIOUS PROSECUTION, § 96*—*what does not prevent attorney's fee being element of damage.* The fact that one who was employed by plaintiff in a malicious prosecution suit, to defend him at the contemplated hearing before the justice upon the charge against him, was not a licensed attorney, but had been a justice and had acted for clients before justices, would not have prevented the reasonable amount paid him for necessary services from being an element of damage.

Appeal from the Circuit Court of Montgomery county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the April term, 1920. Reversed and remanded. Opinion filed October 27, 1920.

HARRY C. STUTTLE and LANE, DRYER & BROWN, for appellant.

D. R. KINDER and GEORGE P. O'BRIEN, for appellee.

MR. PRESIDING JUSTICE WAGGONER delivered the opinion of the court.

Appellant lives in Montgomery county, Illinois. On August 14, 1917, he drove a horse to the village of Sorento, in the adjoining county of Bond. While the horse was standing hitched to a rack, in such village, a part of the harness on the horse was stolen.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

On January 27, 1919, appellant made a complaint before a justice of the peace, in the county in which he lived, alleging that a set of single harness had been stolen from him, and that he had reasonable grounds to believe that appellee was guilty of the offense charged. A warrant was issued on such complaint. Appellee was arrested, taken before such justice of the peace, who set the cause for hearing on February 4, 1919, and appellee entered into a recognizance in the sum of fifty dollars for his appearance. On February 4, appellant asked for a continuance on account of the absence of Fritz Weingand, a witness who had been subpœnaed, was sick and unable to attend at that time. The cause was continued until February 8, 1919, and Fritz Weingand was resubpœnaed. Appellant consulted the State's Attorney, for Montgomery county, with reference to representing the People, and was advised by him to dismiss the case, or let it be dismissed by the justice of the peace, because the prosecution should take place in Bond, and not in Montgomery county. The State's Attorney also told Fritz Weingand, over the telephone, that it would not be necessary for him to attend as a witness.

On February 8, 1919, appellee, with two witnesses, appeared before the justice of the peace. Appellant did not appear. The justice of the peace dismissed the case. Appellee brought this action of trespass on the case for malicious prosecution against appellant and recovered a judgment for $850 damages.

To sustain this action it is incumbent upon the appellee to show clearly, by a preponderance of the evidence, that appellant did not have probable cause to institute the criminal prosecution against him (*Ross v. Innis,* 35 Ill. 487; *Davie v. Wisher,* 72 Ill. 262; *Calef v. Thomas,* 81 Ill. 478), and further that appellant acted maliciously in so doing. Both want of probable cause and malice must concur. (*McElroy v. Catholic Press Co.,* 254 Ill. 290, 293.) The existence of one or the

nonexistence of the other will prevent a recovery.

In *Harpham v. Whitney*, 77 Ill. 32, 42, the court said that: "Probable cause is defined as such a state of facts, in the mind of the prosecutor, as would lead a man of ordinary caution and prudence to believe, or entertain an honest and strong suspicion that the person arrested is guilty. *Bacon v. Towne*, 4 Cush. (Mass.) 217. It does not depend on the actual state of the case in point of fact, but · upon the honest and reasonable belief of the party commencing the prosecution. * * *

"A belief of the guilt of the accused, founded on circumstances tending to show that he has committed a criminal offense, is sufficient to show probable cause. *Jacks v. Stimpson*, 13 Ill. 702.

"The question of malice is for the jury, and, to sustain this averment, the charge must be shown to have been wilfully false. 2 Greenlf. Ev., sec. 453; 1 Hilliard on Torts 514.

"In *Williams v. Taylor*, 6 Bing. 186, it is said, by Tindal, C. J., upon this subject: 'The facts ought to satisfy any reasonable mind that the accuser had no ground for the proceeding but his desire to injure the accused.'

"And in *Mitchell v. Jenkins*, 5 B. & Ad. 594, by Parke, J.: 'The term malice, in this form of action, is not to be considered in the sense of spite or hatred against an individual, but of *malus animus*, and as denoting that the party is actuated by improper and indirect motives.' "

The evidence shows that Fritz Weingand, a harness maker, made for appellant a set of single harness differing in several respects from single harness as ordinarily made. Appellant testified the harness was bought by him from Weingand in April, 1917, and is corroborated by Weingand as to the purchase and identity of it. Appellant further testified that in November, 1918, he saw parts of the harness, which had

been stolen from him, in appellee's possession; that he afterwards communicated that fact to a deputy sheriff, and on January 27, 1919, made the complaint upon which a warrant was issued and appellee arrested.

Appellant caused the harness maker to be subpoenaed as a witness, and was present himself at the time set for a hearing by the justice of the peace. He applied to the State's Attorney for his assistance and abandoned the prosecution, under the complaint made, when advised by such attorney so to do.

On cross-examination appellant testified that his purpose in having the warrant issued was to get his harness and to enforce the law. The evidence in the record does not show that appellant, in instituting the criminal proceeding, was actuated by any improper motive. To have done so for the purpose of recovering his property and enforcing the law was legitimate and does not show the existence of malice on his part.

Appellant acted in good faith, and that "is always a good defense, on the part of a prosecutor, unless it appears that he closes his eyes to facts around him which are sufficient to convince a reasonably cautious man that no crime, in fact, has been committed by the person about to be prosecuted." *Palmer v. Richardson,* 70 Ill. 544, 546.

Appellee, when testifying in his own behalf, did not say when, where or from whom he got the harness but simply said he had owned it for four or five years.

The evidence, in the record as it now stands, warrants the belief that the harness in appellee's possession had been stolen from appellant; that appellant was not actuated by any wrong motive in instituting the prosecution; and that appellee has failed to show the nonexistence of probable cause.

Evidence that appellant, nor any one representing him, or any witness in his behalf, did not appear before the justice of the peace at the time set for the

hearing of the charge made against appellee and that the case was dismissed by the justice of the peace, sustains the allegation made in the declaration that "the plaintiff was fully acquitted and discharged of the supposed offense   *   *   *   and the said complaint and prosecution wholly ended and determined" (*Gilbert v. Emmons,* 42 Ill. 143; 18 R. C. L. p. 23, sec. 12), and the court properly held that there was no variance between the allegations of the declaration and the evidence offered in that regard.

If a plaintiff, in a suit for malicious prosecution, has in consequence of the wrongful conduct of the defendant been put to expense in the employment of an attorney, the amount so paid would be an element of damage in an action against the defendant arising out of such wrongful conduct. *Lawrence v. Hagerman,* 56 Ill. 68, 75; *Krug v. Ward,* 77 Ill. 603; *Wheeler v. Hanson,* 161 Mass. 370, 42 Am. St. Rep. 408.

Appellee employed a man named Green, as an attorney, to defend him at the contemplated preliminary hearing before the justice of the peace. Green was not a licensed attorney, but had held the office of justice of the peace, and served in the capacity of an attorney for clients before justices of the peace. If appellee had made a case that entitled him to recover, and the services of Green were necessary and the charge of ten dollars made by him reasonable, then notwithstanding the fact that he was not licensed to practice law in courts of record, the amount of such charge would have been a proper element of damage to be considered by the jury.

There are a number of errors assigned on the record which we do not deem necessary to discuss in view of the holdings above announced.

The judgment of the circuit court is reversed and the cause remanded.

*Reversed and remanded.*