Charles L. Kaley, Appellee, v. William Hulsman, Appellant.

Gen. No. 42,370.

Opinion filed May 10, 1943.

MARCUS LEVY and ODE L. RANKIN, both of Chicago, for appellant.

SWANSON & DODGE, of Chicago, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is a malicious prosecution case tried by the court without a jury in which plaintiff had judgment for $200, with a special finding that defendant had wilfully and wantonly committed the acts causing the injuries to plaintiff and that malice was the gist of the action. Defendant appeals.

The suit grew out of the following. Defendant Hulsman testified that on April 18, 1938 he purchased a peanut vending machine (which is the subject of the controversy) for $6 from Sam Teitelbaum. It was paid for by check and defendant received a bill of sale of the machine. Upon the trial of the instant case counsel for plaintiff conceded as a fact that defendant got the machine in good faith and paid for it.

In the fall of 1939 defendant took the machine to the store of Guidarelli, who dealt in such machines, and left his machine with Rose Musso, in charge of the store, with instructions to sell it for him. Attached to the machine was a gummed sticker on which was defendant's name, address and phone number.

The following April plaintiff, Kaley, went into Guidarelli's store and saw this machine. He told Miss Musso it belonged to him and showed her certain markings and numbers on it. She told him that the machine belonged to Mr. Hulsman, the defendant. Kaley insisting that the machine was his, Miss Musso permitted him to take it, as she did not think he would do anything to cause her trouble; she told Kaley that she would call Hulsman, and Kaley replied, "You can get him in touch with me."

A day or two following, the defendant came to Guidarelli's store, noticed the absence of the machine and was informed by Miss Musso that plaintiff, one of the store's customers, had taken the machine over her protest. Defendant then went to plaintiff's store and tried to get in touch with him but plaintiff was not in; defendant left his name and telephone number with the person in charge of Kaley's store but heard

nothing from him; he was unable to reach plaintiff by phone after calling at Kaley's place of business and also at his residence.

Defendant testified that not knowing what else to do he went to the Shakespeare Avenue Police Station, where he was referred to Assistant State's Attorney Samuel Rosenberg, with whom he talked, and Mr. Rosenberg prepared the information, which was signed by Judge HERMES, and a *capias* was issued against Kaley. Shortly afterwards he received a telephone call from a man who said his name was Kaley; that he had learned there was a *capias* out for his arrest. Hulsman asked him why he had not called in order to get the ownership of the machine straightened out, and Kaley replied that he would be found not guilty and "would then sue me for damages and make a bum out of me."

The case against Kaley was tried in May 1940 and he was found not guilty. The instant suit followed. At the conclusion of the morning session Mr. Levy, representing defendant, told the court that he had subpoenaed Mr. Rosenberg, Assistant State's Attorney, who was then engaged in other duties but would be present at 2 o'clock to testify to the facts stated to him by defendant which led to his advising Hulsman and preparing the information upon which the warrant was issued. The court denied the request to continue the case until 2 o'clock, for the reason, as stated, that it appeared from the testimony of Hulsman himself that he had not told Rosenberg all of the facts. Subsequently, after judgment was entered against defendant, he asked to have the case opened to permit the testimony of Rosenberg, who was then present in court and tendered as a witness, but the motion was denied.

Defendant argues that plaintiff did not prove either malice or want of probable cause on the part of the defendant when he instituted the criminal proceeding

against plaintiff and that defendant's motion to dismiss should have been allowed.

Plaintiff had the burden of proving that defendant was actuated by malice at the time he started the prosecution. *Farris v. Messimore,* 219 Ill. App. 582; *Harpham v. Whitney,* 77 Ill. 32. Here was a case where a machine, admittedly purchased by defendant in good faith and paid for, is taken out of the custody of defendant's agent by plaintiff on the mere assertion and claim that he owned it. Defendant did not know plaintiff at this time and was clearly engaged in a proper effort to recover the machine. He sought the advice of the State's Attorney's office and proceeded as advised.

Malice may sometimes be inferred from lack of probable cause (*Treptow v. Montgomery Ward & Co.,* 153 Ill. App. 422) or where an arrest is instituted for the purpose of forcing the collection of a note. (*McElroy v. Catholic Press Co.,* 254 Ill. 290.) Nothing of this nature, however, is present here. Defendant did not act hastily. He attempted to obtain an interview with plaintiff to settle the question as to which of the two owned the machine.

It is also the rule that to support a case of malicious prosecution there must be both malice and want of probable cause, and these must concur. *Glenn v. Lawrence,* 280 Ill. 581, 587. And malice may not be presumed from want of probable cause if all the evidence shows there was no malice. *Hanneman v. Minneapolis, St. P. & S. S. M. Ry. Co.,* 248 Ill. App. 196.

As we have said, Kaley did not seek an interview with Hulsman so that their respective claims might be examined and controversy avoided. Kaley acted arbitrarily and made himself the judge and jury, adjudicating that the machine belonged to him, and took possession of it. He did not attempt to show to the custodian that it had been stolen from him, or from

whom he got title to it. He cannot be heard to claim there was no probable cause to charge him with larceny. He presented only a claim of ownership, and the fact that upon trial he was held to be not guilty of larceny does not remove the factor of probable cause. As aptly stated in the brief for the defendant, "Plaintiff created the background for the charge of larceny, no one else did it for him."

Plaintiff having failed to prove that defendant was moved by malice, and that there was want of probable cause to make the criminal complaint, the trial court should have found the issues for the defendant. The judgment is therefore reversed without remanding.

*Reversed.*

MATCHETT, P. J., and O'CONNOR, J., concur.