**D. N. Vasquez, Plaintiff-Appellee, v. Barney Jacobs, Also Known as Barney Jacobson, Defendant-Appellant.**

**Gen. No. 11,291.**

Second District, Second Division.
January 5, 1960.
Released for publication January 22, 1960.

457

Edgar J. Elliott, of Wheaton, for defendant-appellant.

Henry W. Kenoe and Raphael Fine, of Chicago (Raphael Fine, of counsel) for plaintiff-appellee.

JUSTICE WRIGHT delivered the opinion of the court.

This action was brought in two counts, one for malicious prosecution and one for false arrest to recover damages against the defendant. The jury returned a general verdict in the sum of $1,000, upon which ver-

dict judgment was entered. Defendant appeals from the order of the trial court denying his post trial motion for judgment notwithstanding the verdict. Defendant's only contention is that the trial court erred in overruling his motion for judgment notwithstanding the verdict. It is plaintiff's position that the evidence, or the reasonable inferences from the evidence, which, taken in the light most favorable to the plaintiff, sustains his complaint.

This suit arose out of the following incidents. The defendant, Barney Jacobson, also known as Barney Jacobs, hereinafter referred to as the defendant, was on January 22, 1956, the President of the Geneva Iron & Metal Company. The Geneva Iron & Metal Company was located on Washington Street in the City of West Chicago, Illinois. The defendant had discovered prior to January 22, 1956, that certain copper briquettes were from time to time missing from his place of business. Defendant was concerned about the loss of copper briquettes from his establishment and had so informed the Chief of Police of the City of West Chicago. The Chief of Police, in turn, had instructed his officers or patrolmen to keep a thorough check and lookout for people around the defendant's place of business.

Plaintiff, D. N. Vasquez, hereinafter referred to as plaintiff, resided at Elmwood Park, Illinois. The plaintiff and his wife on Sunday, January 22, 1956, went to church and in the afternoon, they went for a drive looking for lots upon which to build a home. Plaintiff had read advertisements in the paper listing lots for sale and drove through West Chicago looking for a lot. The plaintiff stated that upon deciding to turn around and proceed back toward his home he backed his car into the driveway of the Geneva Iron & Metal Company; that his wheels were at about the sidewalk and that he did not go all the way into the driveway.

Plaintiff stated that on the Sunday afternoon in question he saw no signs on defendant's property. He later returned to inspect the property on February 4th and at that time he saw a sign on which was the name of the company but saw no signs stating "No Trespassing." Three or four days following the Sunday in question, plaintiff's wife told him that he had received a telephone call and that he was to report to the Police Station in West Chicago, Illinois. The plaintiff then called his lawyer, Mr. Fine, and the two of them reported to the Police Station where the plaintiff was served with a warrant. This warrant was issued on the written complaint signed by defendant charging plaintiff with wilfully and unlawfully entering upon the land of another.

A Sergeant of the West Chicago Police Department stated that on Sunday, January 22, 1956, in the afternoon prior to 3 o'clock P. M., he was proceeding slowly in a westerly course when he observed a car coming out of the Geneva Iron & Metal Company. The Sergeant slowed his car so he could read the license number and after making a note of it sent the license number by radio to the Police Station. The Sergeant said that when he saw the car it was headed out of the driveway, facing South, right at the very edge of the property, the edge that would be sidewalk or the walking area. He did not stop the plaintiff, did not talk to him and did not know who the person was driving the car.

The Chief of Police of the City of West Chicago testified that after receiving the report of the license number that he contacted the defendant, told him about the incident and that the license number and car belonged to a party by the name of Vasquez. The defendant then checked his records and found that he had never had anyone by the name of Vasquez working for him and did not know any person of that name.

460

The defendant then went to the office of his attorney who was also a Police Magistrate and reported the above facts. The attorney-police magistrate advised him to sign a complaint for trespassing against the plaintiff and have a warrant issued for his arrest. The attorney-police magistrate prepared a complaint which was signed by the defendant and himself. He stated that at the actual time the complaint and warrant were prepared, he was acting as Police Magistrate. The attorney-police magistrate admitted being the attorney for the defendant prior to this matter and that he had not made it known to either the plaintiff or to his attorney, Mr. Fine. He also admitted that at the time of the hearing on the trespass complaint he was serving as both Police Magistrate and the attorney for the defendant. He then further testified that he thought it was proper to sit as Police Magistrate in a case as well as being the attorney for the complaining witness.

On the date that the complaint was set for a hearing, the plaintiff appeared with his attorney, Mr. Fine, and there was a conference with the attorney-police magistrate and with the defendant and after some extended conversation, the case against the plaintiff for trespass was dismissed. There is some conflict in the record as to whether or not there was actual testimony taken but it appears that there was none.

At no time prior to the plaintiff appearing in court on the trespass complaint did any policeman, the defendant, his attorney or the Police Magistrate make any attempt whatsoever to contact the plaintiff or discuss the case with him. There was no investigation by defendant or anyone to ascertain the true facts of the case. In fact, on cross examination, the defendant admitted that the sole purpose in swearing out the warrant was to see what the plaintiff was doing there.

461

There is no evidence that the plaintiff was actually arrested. His wife was notified by phone by the West Chicago Police that plaintiff was requested to come to their office pursuant to the warrant which they had for his arrest. Plaintiff and defendant neither seriously urge or argue in this court the question of false arrest or false imprisonment and we will, therefore, necessarily only consider the question of malicious prosecution.

 In ruling upon defendant's motion for judgment notwithstanding the verdict, the court must determine if there is evidence, or reasonable inferences from that evidence, which, taken in the light most favorable to the plaintiff, sustains his complaint. If there is, the motion must be denied irrespective of contrary evidence or the weight of the evidence. Merlo v. Public Service Co. of Northern Illinois, 381 Ill. 300, 45 N.E.2d 665, Hughes v. New York Central System, 20 Ill.App.2d 224, 155 N.E.2d 809.

Defendant contends that he signed the complaint against the defendant with probable cause, without malice and after receiving the advice of a reputable attorney. We will consider these contentions in the following order: (1) whether or not there was probable cause (2) whether the defendant acted with malice (3) whether or not he acted after consultation with an attorney.

In support of contentions one and two, defendant cites to us the cases of Kaley v. Hulsman, 319 Ill. App. 219, 48 N.E.2d 768 and Farris v. Messimore, 219 Ill. App. 582. In the former case, the court at page 222 of 319 Ill. App. and at page 770 of 48 N.E.2d stated: "It is also the rule that to support a case of malicious prosecution, there must be both malice and want of probable cause, and they must concur."

The court in the Kaley case, supra, in deciding that plaintiff had failed to prove that defendant was moved

by malice and that there was want of probable cause, stated: "Defendant did not act hastily. He attempted to obtain an interview with plaintiff to settle the question as to which of the two owned the machine."

In Farris v. Messimore, supra, at pages 584–585 of 219 Ill. App., the court stated as follows:

· "To sustain this action it is incumbent upon the appellee to show clearly, by a preponderance of the evidence, that appellant did not have probable cause to institute the criminal prosecution against him (Ross v. Innis, 35 Ill. 487; Davie v. Wisher, 72 Ill. 262; Calef v. Thomas, 81 Ill. 478), and further that appellant acted maliciously in so doing. Both want of probable cause and malice must concur. (McElroy v. Catholic Press Co., 254 Ill. 290, 293.) The existence of one or the nonexistence of the other will prevent a recovery.

"In Harpham v. Whitney, 77 Ill. 32, 42, the court said that: 'Probable cause is defined as such a state of facts, in the mind of the prosecutor, as would lead a man of ordinary caution and prudence to believe, or entertain an honest and strong suspicion that the person arrested is guilty. Bacon v. Towne, 4 Cush. (Mass.) 217. It does not depend on the actual state of the case in point of fact, but upon the honest and reasonable belief of the party commencing the prosecution. . . .

"A belief of the guilt of the accused, founded on circumstances tending to show that he has committed a criminal offense, is sufficient to show probable cause. Jacks v. Stimpson, 13 Ill. 702.' "

The court in the Farris case, supra, in reversing a verdict and judgment for the plaintiff found: "The evidence, in the record as it now stands, warrants the belief that the harness in appellee's possession had been stolen from appellant; that appellant was not actuated by any wrong motive in instituting the prosecution, and that appellee has failed to show the nonexistence of probable cause."

463

The Kaley and Farris cases, supra, are not factually in point with the case now before us for the reason that in both cases the courts of review found that the prosecuting witness had probable cause for believing the guilt of the plaintiff. Such is not the fact in the case now before us. The defendant did not see the plaintiff at his place of business; the Police Sergeant did not stop the plaintiff and did not know that plaintiff was driving the car; there is no showing that the defendant knew that the plaintiff was driving his vehicle; there is no definite evidence of a trespass; and there is no showing that the defendant, his attorney or the police at any time attempted to investigate the matter or talk to the plaintiff. In fact, the defendant admitted that the sole purpose in swearing out the warrant was to see what the plaintiff was doing on his premises. The jury having considered all the evidence could have well believed that the defendant acted without probable cause.

██ Plaintiff has the burden of proving that defendant was actuated by malice at the time he started the prosecution but malice may sometimes be inferred from the lack of probable cause, Kaley v. Hulsman, supra. Malice will not be inferred where probable cause exists, but where there is an entire lack of probable cause malice may be presumed to have been the motive actuating the prosecution. Roy v. Goings, 112 Ill. 656, Treptow v. Montgomery Ward & Co., 153 Ill. App. 422. In Cripe v. Pevely Dairy Co., 275 Ill. App. 231, 240, the following rule was stated:

"Defendant's third contention is that there was probable cause for instituting the contempt charges and therefore no malice. It is the law that if there was probable cause, there could be no malice but it is also well settled that where it has been found that the prosecution was without cause, the jury may infer

malice, Krug v. Ward, 77 Ill. 603; Thompson v. Force, 65 Ill. 370; Chapman v. Cawrey, 50 Ill. 512. *Since it being our view that the jury was under the evidence warranted in finding that there was no probable cause, then it follows that the jury had the right to infer malice."* (Emphasis added)

We are of the opinion that defendant's action was certainly without probable cause. His course of conduct in charging defendant with a crime was indeed reckless, to say the least. The jury from this and all the evidence could well have concluded, and did, that defendant acted maliciously. Where, as in the case at bar, there is an entire lack of probable cause the jury had the right to infer malice.

■■ When a prosecuting witness before instituting a criminal proceeding goes to a competent attorney and discloses to him in good faith all the facts and information he has as to a supposed offense as well as the source of his information, and then acts on the advice of such attorney and starts a criminal prosecution, he will be considered as having had probable cause for instituting such prosecution, even if afterwards the party charged is found not guilty of the offense charged. Brown v. Tucker, 214 Ill. App. 162, Mioduszewski v. Spoganitz, 209 Ill. App. 112. It is, of course, a question of fact, in such cases, whether the party has fairly communicated to his counsel the facts within his knowledge, and used reasonable diligence to ascertain the truth, also whether he acted in good faith upon the advice received from counsel, to be determined by the jury, from the evidence. Anderson v. Friend, 71 Ill. 475.

The record reveals that the attorney-police magistrate, whom defendant contends that he conferred with, was asked the following questions and made the following answers upon the trial of this case:

"Q. Did you make known to me the fact that you, sitting as police magistrate, had previously, and were apparently at that time, still Mr. Barney Jacobson's attorney, the complaining witness?

"A. No, I don't think I did.

"Q. Did you think then that it was proper for you to sit as police magistrate in a matter in which you were the attorney for the complaining witness and had advised him to bring the action?

"A. I did then, and I do now. I think you must understand the office of police magistrate before you can ask that question."

██ ██ Defendant contends that he has a defense to this present action because he consulted with and received the advice of a competent attorney to file the complaint after full disclosure of all the facts to his attorney. This contention is without merit under the facts of this particular case. We do not mean to say and do not so state that defendant's attorney was not qualified or learned in the law. Indeed he may well be a very qualified lawyer, however, in this particular case it is our opinion that he was disqualified. He was either not competent to act as police magistrate in the case or not competent to serve as the attorney for the defendant. No citation of authority is necessary to conclude that he could not serve as both police magistrate and as the attorney for the prosecuting witness in the same case. We are, therefore, of the opinion that defendant did not seek the advice of an attorney competent to act under the circumstances. This defense is further without merit for the reason that defendant did not use reasonable diligence to ascertain the truth of the facts which he presented to his lawyer. Anderson v. Friend, supra.

We are of the opinion that there was sufficient evidence, or reasonable inferences therefrom, which

taken in the light most favorable to the plaintiff sustained his complaint, and that the trial court properly denied defendant's motion for judgment notwithstanding the verdict.

Judgment affirmed.

SOLFISBURG, P. J. and CROW, J., concur.