Walter R. Hanneman, Appellee, v. Minneapolis, St. Paul & Sault Ste. Marie Railway Company, Appellant.

Gen. No. 32,277.

Opinion filed March 26, 1928.

JOHN L. MCINERNEY and EDWARD H. MURNANE, for appellant.

BRYANT, MENEELY, IRRMANN & LEWE, for appellee; HARRY W. MENEELY and JOHN A. IRRMANN, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action for false arrest and malicious prosecution against the defendant. He obtained a verdict and judgment for $4,500 and the defendant appeals.

The record discloses that in September, 1925, the defendant had in its employ at Enderlin, North Dakota, a man named Walter R. Hanneman, and at that place on September 24, 1925, it issued to him its time certificate, which was in the nature of a check for 43 cents, apparently being in payment for some services he had rendered defendant. Afterwards Walter R. Hanneman presented that check for payment at the defendant's Chicago office, the amount of the check having been raised to $100.43. On October 7, 1925, it was paid. Shortly thereafter, when the defendant learned that the check had been raised and had been paid in Chicago, it sent its special agent, F. H. Slivenick, from Minneapolis to Chicago to investigate the matter. He made an investigation and learned that a Walter R. Hanneman had at one time been in the employ of the Chicago & Northwestern Railway Company in Chicago as a brakeman, and further learned that Hanneman lived at 3401 Fulton street, Chicago. He called at the State's attorney's office, Chicago, and explained the situation to one of the assistants, who advised that a complaint be filed against Hanneman in the municipal court. Such a complaint was prepared at the detective bureau, charging that Walter R. Hanneman had feloniously obtained from the defendant $100 by means of a false and bogus check, and further charging that he obtained the money by means of a confidence game. This complaint was sworn to by Slivenick, who took it to a judge of the municipal court who after examination ordered a warrant issued for Hanneman's arrest. The warrant was given to the police officers and they went to Hanneman's home on Fulton street, having been given that address by Slivenick. Not finding him at home, but having learned that he was employed at

a shoe store on West Madison street, one of the officers went to the store and placed plaintiff under arrest. This was on October 30, 1925. He was taken downtown to the detective bureau on La Salle street by the officers. When they arrived at that place the officers notified Slivenick to come in and identify Hanneman. Slivenick had never seen Hanneman but he brought with him Burrows and Freund, employees of the defendant, Burrows being the man who was with Walter R. Hanneman when he cashed the check above mentioned in Chicago, and who identified Hanneman to Freund, the cashier of the defendant company, who cashed the check. The three arrived in about 45 minutes after plaintiff had been taken to the detective bureau. Upon seeing him Burrows and Freund immediately said that he was not the Hanneman who cashed the check and Slivenick thereupon advised the police officers that they had arrested the wrong man. The testimony shows that the officers thereupon told Hanneman, the plaintiff, that he could go home, but that he refused to do so, stating as a reason that some one would have to pay for having him arrested. It further appears that the plaintiff was then locked up at the detective bureau. He testified that on a number of occasions that night he was brought out, together with other prisoners, for the purpose of having citizens who called to see whether they could identify the plaintiff as the person who was charged with an offense; that he was taken to the police station on South Clark street, where his finger prints were taken and the next morning was taken to the South Clark street police court when the matter was called before the judge about nine o'clock; that Slivenick appeared there and stated that Hanneman was not the man that was wanted and that he did not care to press charges against him, but that he had been requested by the assistant State's attorney to request that the matter be continued, as the State's attorney wished to do some

investigating concerning Hanneman. The court thereupon continued the case until November 13th and plaintiff was allowed to go, upon himself and his wife signing his bond. When the matter came up on November 13th Slivenick again appeared, told the court there had been a mistake in arresting Hanneman, and the prosecution was dismissed.

Defendant contends that the judgment should be reversed because the record discloses that Slivenick, the agent of defendant, made a full, fair and impartial investigation; that he reported the result thereon to the assistant State's attorney, who advised the filing of the complaint against Hanneman, and that this is a complete defense. Further, that regardless of the fact that Slivenick had acted on advice of the State's attorney, there was no malice on the part of defendant or Slivenick. Counsel for both sides concede that it is the law that where one in good faith submits the facts fairly to the State's attorney or his assistant and obtains his advice in reference to a person who is supposed to have committed some offense, and the party acts upon the advice given by the attorney and institutes proceedings of a criminal nature against the party and he is arrested and prosecuted, these facts will constitute a complete defense to an action for false arrest and malicious prosecution although the person charged is not in fact guilty. Whether the person making the charge explained all the matters in good faith is often a question of fact for the jury. In the instant case the question was submitted to the jury by an instruction given at plaintiff's request. It found in favor of the plaintiff, and we think it unnecessary to say whether this is against the manifest weight of the evidence because the judgment must be reversed for another reason. We are clearly of the opinion there was no malice on the part of defendant or its agent, Slivenick, and therefore plaintiff was not entitled to punitive but only compensatory damages.

Plaintiff contends that the law is firmly established that a jury may imply malice from the want of probable cause, and it is stated that in the instant case there is no cause at all for believing that plaintiff is guilty of the offense charged against him in the municipal court, and that since this is admitted, malice on the part of the defendant in instituting the criminal proceeding will be presumed. While it is true that the courts have held that the jury may infer malice from the want of probable cause, and that this question is generally one for the jury, yet it is not of universal application because the law will not permit the presumption that there was malice when all the evidence shows the contrary. In the instant case it is clear that there was no malice on the part of the defendant against the plaintiff when the criminal proceedings were instituted. It is undisputed that a party who stated he was Walter R. Hanneman cashed a check that had been raised and was thereby guilty of an offense. It is likewise undisputed that plaintiff in the instant case was not that person. The undisputed evidence shows that the defendant, before instituting the criminal proceeding, investigated the matter and explained the situation to the assistant State's attorney and acted upon his advice. The only thing that might be charged against the defendant is that its representatives were negligent in failing to go with the police officers when they made the arrest. Upon a careful examination of all the evidence in the record, we are clearly of the opinion that the evidence disclosed that, as a matter of law, there was no malice on the part of the defendant and it was error for the court to give instructions that plaintiff was entitled to vindictive damages or smart money. *Grinnell v. Weston,* 95 App. Div. 454, 88 N. Y. S. 781; *Eshelman v. Rawalt,* 298 Ill. 192.

The judgment of the superior court of Cook county is reversed and the cause remanded.

*Reversed and remanded.*

MATCHETT, P. J., and McSURELY, J., concur.